UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re BP Shareholder Derivative Litigation | ) MDL Docket No. 2185 <br> ) <br> ) Case No. 4:10-cv-03447 <br> ) <br> ) JUDGE KEITH P. ELLISON |

STIPULATION AND [PROPOSED] ORDER GOVERNING
THE EXCHANGE OF CONFIDENTIAL INFORMATION

Plaintiffs John P. Miles, Louisiana Municipal Police Employees' Retirement System, City of New Orleans Employees' Retirement System, Frances O. Goldman, Cody A. Nedved and Victor Skomedal (collectively "Plaintiffs"), as well as nominal defendant BP p.l.c. ("BP"), and defendants Anthony B. Hayward, Iain C. Conn, Robert W. Dudley, Byron E. Grote, Andy G. Inglis, Carl-Henric Svanberg, Paul M. Anderson, Antony Burgmans, Cynthia B. Carroll, William M. Castell, George David, Douglas J. Flint, Deanne S. Julius, Ian M.G. Prosser, Erroll B. Davis, Jr. and H. Lamar McKay (collectively "Defendants"), by and through their respective undersigned counsel, subject to this Court's approval, agree and stipulate as follows:

RECITALS

WHEREAS, any discovery proceedings in the *In re BP Shareholder Derivative Litigation* (the "Litigation") will necessarily involve the production of certain information which the parties to the Litigation (the "Parties") believe to be confidential and sensitive commercial, financial or business information;

-1-

WHEREAS, BP has provided to plaintiffs' and defendants' counsel in multiple cases pending in other courts certain documents and other materials relating to the Deepwater Horizon incident that BP has produced to the Marine Board of Investigation or various committees of the United States Congress (the "BP Materials"), which materials are presently maintained by BP in an electronic database (the "BP Database");

WHEREAS, it is desirable for access to the BP Materials to be provided in the multiple pending cases on substantially similar terms;

WHEREAS, an order governing the confidentiality of the BP Materials was entered on June 4, 2010, in *National Vietnamese American Fishermen Emergency Association*, v. *BP, PLC*, Civil Action H-10-1607 (S.D. Tex.) (the "NVAFEA Order") attached hereto as Exhibit A;

WHEREAS, the Parties have agreed that, prior to the Court's ruling on motions to dismiss in the Litigation, Plaintiffs' counsel may have access to the BP Materials provided that Plaintiffs agree to substantially the same terms for use the material as governs the use of the same by the plaintiffs in *National Vietnamese American Fishermen Emergency Association*, v. *BP, PLC*, Civil Action H-10-1607 (S.D. Tex.); and

WHEREAS, the entry of this Stipulation and Order will promote the fair and expeditious resolution of this Litigation;

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, the terms of the NVAFEA Order, shall govern the handling of documents, depositions upon oral examination, depositions upon written questions, responses to interrogatories, responses to requests for admission, responses to requests for documents, and any other information produced, given, or

exchanged in this Litigation ("Discovery Material"), by or among any Party or non-Party providing Discovery Material.

Dated: November 12, 2010

AGREED:

_____
Thomas R. Ajamie
Texas Bar No. 00952400
Dona Szak
Texas Bar No. 19597500
AJAMIE LLP
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Tel.: (713) 860-1600
Fax: (713) 860-1699

*Liaison Counsel for Plaintiffs*

Mark Lebovitch
Amy Miller
Jeremy Friedman
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444

Lewis S. Kahn
Albert M. Myers
Michael A. Swick
Paul Balanon
Melinda A. Nicholson
KAHN SWICK & FOTI, LLC
206 Covington Street
Madisonville, Louisiana 70447
Tel.: (504) 455-1400
Fax: (504) 455-1498

*Co-Lead Counsel for Plaintiffs*

_____
Thomas W. Taylor (Tex. Bar No. 19723875)
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX 77002
Tel: (713) 220-4200
Fax: (713) 220-4285

**Of Counsel:**

Daryl A. Libow (*pro hac vice* application to be filed)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel: (202) 956-7500
Fax: (202) 956-6330

Richard C. Pepperman, II (*pro hac vice* application to be filed)
Marc De Leeuw (*pro hac vice* application to be filed)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
Fax: (212) 291-9113

*Attorneys for Nominal Defendant BP, p.l.c. and Defendants Anthony B. Hayward, Iain C. Conn, Robert W. Dudley, Byron E. Grote, Andy G. Inglis, Carl-Henric Svanberg, Paul M. Anderson, Antony Burgsman, Cynthia B. Carroll, William M. Castell, George David, Douglas J. Flint, DeAnne S. Julius, Ian M.G. Posser, Erroll B. Davis, and H. Lamar McKay*

-3-

**Of Counsel:**

Daniel W. Krasner
Gregory M. Nespole
Robert B. Weintraub
Zachary Biesanz
WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600
Fax: (212) 545-4653


Katharine Ryan
Richard A. Maniskas
RYAN & MANISKAS, LLP
995 Old Eagle School Rd.
Suite 311
Wayne, PA 19087
Tel: (484) 588-5516
Fax: (484) 450-2582


Bryan Clobes
Emily Mirsky
CAFFERTY FAUCHER, LLP
1717 Arch Street, Suite 3610
Philadelphia, PA 19103
Tel.: (215) 864-2800
Fax: (215) 864-2810

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

National Vietnamese American Fishermen  §
Emergency Association, et al.,  §
  §
    Plaintiffs,  §
  §
versus  §  Civil Action H-10-1607
  §
BP, PLC., et al.,  §
  §
    Defendants.  §

## Order Protecting Confidentiality

1. *Purpose.* To preserve the legitimate proprietary and privacy interests of sources of information, this order establishes a procedure for disclosing confidential information, protecting it, and challenging it.

2. *Information.* Information includes the contents of documents, testimony, answers to interrogatories, admissions, and data derived from objects other than documents.

3. *Condition.* This order covers information that the source designates confidential. Something may be designated confidential only when the source reasonably believes it is proprietary or otherwise implicates an interest in its security.

4. *Procedure.*

   A. *Designation.* To designate information as confidential, a source must mark it or identify it on the record. Either designation may be withdrawn.

   B. *Marking.* The source must mark each page of documents or each significant component of other objects. The deponent will mark deposition transcripts and the claimant will mark hearing transcripts. A mark similar to these will be used:

```
┌─────────────────┐     ┌─────────────────────┐
│     ACCESS      │     │ ACCESS RESTRICTED   │
│   RESTRICTED    │     │   ATTORNEYS ONLY    │
│    USDC SDTX    │     │     USDC SDTX       │
└─────────────────┘     └─────────────────────┘
```


Exhibit A

  C. *Timing.* Documents and other objects must be designated before disclosure. Transcripts must be designated within 30 days of receipt; all transcripts are confidential for 30 days after receipt.

  D. *Application.* This order applies to information in this case (a) furnished by parties and non-parties and (b) derived from confidential information.

  E. *Public.* This order does not apply to information that is public.

  F. *Errors.* Accidental disclosure of information does not waive the confidence; those who knowingly receive an inadvertent disclosure must return the information to the source immediately and make no use of it.

5. *Who.* Confidential information may be used only by:

  A. Parties,
  B. The court,
  C. Court reporters (including audio and video)
  D. Special masters,
  E. Mediators,
  F. Parties' counsel,
  G. The direct staff of these people, and
  H. Others specifically identified in writing by the source.

6. *Attorneys Only.*

  A. Access may be further restricted by its being designated for attorneys only. Only the attorneys for the parties and source may use information designated attorneys only.

  B. This designation is limited to confidential information that could cause competitive injury—directly or indirectly.

7. *Where.* Confidential information must be used only in this case.

8. *How.*

  A. *Acknowledgment.* People having access to confidential information must sign an acknowledgment of this order in a form similar to appendix A.

  B. *Filings.* No pleading will be sealed If confidential information must be filed, file it under seal as an appendix to the instrument that refers to it. File as little of the source document as possible. References in the instrument must be sufficiently abstract not to disclose the information.

    C.    *Hearings.*

        (1)    References to confidential information in pretrial conferences and hearings must be preceded by notice five business days before the court appearance that confidential information will be used.

        (2)    A party may refer to confidential information at trial on cross-examination or rebuttal after requesting a bench conference.

        (3)    The source must mark the transcripts within 30 days of receipt; if the source is not a party, the party using the information must confer with the source in the marking.

    D.    *Depositions.*  Deposition testimony is automatically confidential when confidence is asserted at anytime in the deposition; the source must mark the transcripts within 30 days of receipt.

    E.    *Subpoenas.*  If confidential information is subpoenaed, the source must notify the parties in writing that the subpoena covers confidential information. The source is responsible for protecting subpoenaed information's confidentiality under this order and must respond to the subpoena.

9.    *Challenges.*

    A.    *Notice and Response.*  If a party reasonably believes that information should not be restricted, it must specify to the source in writing (a) the data and (b) its grounds for questioning the designation. The source must respond in writing within seven business days.

    B.    *Rulings.*  If the party is still not satisfied, it may move the court to lift the designation. Until the court rules, the designation subsists. If the court rules that the information should not be restricted, the original designation subsists for five business days.

10.    *Return.*  This order survives the termination of this case. Within ninety days of termination the parties must (a) return original documents with confidential information and (b) destroy copies of them.

Signed June 4, 2010, at Houston, Texas.

                                                Lynn N. Hughes
                                        United States District Judge

Case 4:10-cv-03447   Document 74   Filed in TXSD on 11/12/10   Page 8 of 8
Case 4:10-md-02185   Document 56-1   Filed in TXSD on 11/10/10   Page 4 of 4
Case 4:10-cv-01607   Document 31   Filed in TXSD on 06/04/10   Page 4 of 4

Appendix A.

UNITED STATES DISTRICT COURT           SOUTHERN DISTRICT OF TEXAS

National Vietnamese American Fishermen   §
Emergency Association, et al.,           §
    Plaintiffs,      §
                                         §
versus                                   §     Civil Action H-10-1407
                                         §
BP, PLC., et al.,                        §
                                         §
    Defendants.      §

## Acknowledgment of Order on Confidentiality

Name: _____

Address: _____

Telephone: _____

Role in Lawsuit:

 ☐ Staff to Counsel   ☐ Consulting Expert   ☐ Testifying Expert

 ☐ Court Reporter    ☐ Other Witness    ☐ Party Employee

Aligned with:

 ☐ This party: _____

 ☐ This non-party: _____

I have read and acknowledge that I am bound by the order on confidentiality entered in this action.

_____      _____
Signature                    Date