IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE BP SHAREHOLDER DERIVATIVE LITIGATION | § § § § § § | MDL NO. 2185 <br><br> Case No. 4:10-cv-03447 |
| In Re: BP P.L.C. SECURITIES LITIGATION | § § § § § § | Civil Action No. 4:10-md-2185 <br><br> HON. KEITH P. ELLISON |

## DECLARATION OF THOMAS W. TAYLOR

Pursuant to 28 U.S.C. § 1746, I, THOMAS W. TAYLOR, declare as follows:

1.      I am over twenty-one years of age and I am fully competent to make this Declaration.  I have personal knowledge of the facts set forth in this Declaration.

2.      I am a partner in the law firm of Andrews Kurth LLP.  My office is located at 600 Travis, Suite 4200, Houston, Texas 77002.

3.      I am a member in good standing of the Bar of the State of Texas.

4.      I represent nominal defendant BP p.l.c. and all of the individual defendants in the above captioned matter.

5.      The following shareholder derivative actions, purportedly brought on behalf of BP p.l.c. in connection with the Gulf of Mexico oil spill, have been filed in the jurisdictions indicated:

   a.   *Firpo* v. *Hayward*, No. 2:10-cv-01430 (U.S. District Court for the Eastern District of Louisiana) (Filed 5/7/2010);

   b.   *Louisiana Municipal Police Employees' Retirement System* v. *Hayward*, No. 2:10-cv-01439 (U.S. District Court for the Eastern District of Louisiana) (Filed 5/10/2010);

c. *Miles* v. *Hayward*, No. 2:10-cv-01446 (U.S. District Court for the Eastern District of Louisiana) (Filed 5/11/2010);

d. *Goldman* v. *Hayward*, No. 2:10-cv-01470 (U.S. District Court for the Eastern District of Louisiana) (Filed 5/13/2010);

e. *Tummel* v. *Hayward*, No. 160759 (32nd Judicial District Court State of Louisiana—Parish of Terrebonne) (Filed 5/17/2010);

f. *Pickett* v. *Hayward*, No. 3AN-10-7663CI (Superior Court for the State of Alaska, 3rd Judicial District at Anchorage) (Filed 5/20/2010);

g. *Southeastern Pennsylvania Transportation Authority* v. *Hayward*, No. 5511-CC (Court of Chancery of the State of Delaware) (Filed 5/21/2010);

h. *City of Deerfield Beach Non-Uniform Employees Retirement Plan* v. *Hayward*, No. 3AN-10-7774CI (Superior Court for the State of Alaska, 3rd Judicial District at Anchorage) (Filed 5/25/2010);

i. *City of New Orleans Employees' Retirement System* v. *Hayward*, No 2:10-cv-01640 (U.S. District Court for the Eastern District of Louisiana) (Filed 6/3/2010);

j. *Pinellas Park Retirement System (General Employees)* v. *Hayward*, No. 3AN-10-7986CI (Superior Court for the State of Alaska, 3rd Judicial District at Anchorage) (Filed 6/3/2010);

k. *Vallerga* v. *Hayward*, No. 2010-40551 (District Court of Harris County, Texas, 281st Judicial District) (Filed 6/30/2010);

l. *Skomedal* v. *Hayward*, No. 2:10-cv-01933 (U.S. District Court for the Eastern District of Louisiana) (Filed 7/9/2010);

m. *Nedved* v. *Hayward*, No. 2:10-cv-01964 (U.S. District Court for the Eastern District of Louisiana) (Filed 7/13/2010);

n. *Flacks* v. *Hayward*, No. 2010-45534 (District Court of Harris County, Texas, 80th Judicial District) (Filed 7/22/2010);

o. *Delmar* v. *Hayward*, No. 2010-45599 (District Court of Harris County, Texas, 333rd Judicial District) (Filed 7/23/2010).

p. *In re BP P.L.C. Gulf of Mexico Derivative Litigation*, No. 3AN-10-7663CI (Superior Court for the State of Alaska, 3rd Judicial District at Anchorage) (Filed 9/17/10);

q. *In re BP Shareholder Derivative Litigation*, No. 2010-40551 (District Court of Harris County, Texas, 189th Judicial District) (Filed 10/7/2010);

r.   *In re BP Shareholder Derivative Litigation*, No. 4:10-cv-03447 (U.S. District Court for the Southern District of Texas) (Filed 2/4/11).

6.      The *Firpo, Louisiana Municipal Police Employees' Retirement System, Goldman,* and *City of New Orleans Employees' Retirement System* cases have been voluntarily dismissed, and the *Miles, Skomedal,* and *Nedved* cases have been transferred by the Judicial Panel on Multidistrict Litigation to this Court under MDL 2185, and subsequently consolidated into the present action.  The *Pickett, City of Deerfield Beach Non-Uniform Employees Retirement Plan,* and *Pinellas Park Retirement System (General Employees)* cases were consolidated, and plaintiffs in that action filed a new complaint.  Similarly, the *Vallerga, Flacks,* and *Delmar* cases were consolidated, and plaintiffs in that action filed a new petition.  Thereafter, plaintiffs in the *Tummel, Southeastern Pennsylvania Transportation Authority,* and *Vallerga* actions agreed to voluntarily stay their cases pending resolution of the current action before this Court.

7.      On May 7, 2008, the Superior Court of Alaska approved a Stipulation of Settlement, which "settled, compromised and dismissed on the merits and with prejudice" all safety-related claims that could have been raised on behalf of BP in a prior derivative action, *In re BP p.l.c. Derivative Litig.*, No. 3AN-06-11929CI (Alaska Super. Ct. May 7, 2008).  A true and correct copy of the Stipulation of Settlement is attached hereto as Exhibit 1, and a true and correct copy of the Superior Court of Alaska's Final Judgment approving the Stipulation of Settlement is attached hereto as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Thomas W. Taylor
ANDREWS KURTH LLP
600 Travis
Suite 4200
Houston, TX  77002
Telephone:  (713) 220-4200

Executed on this 21st day of March, 2011.

# EXHIBIT 1

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re:                                            )
                                                  )
BP P.L.C. DERIVATIVE LITIGATION                   )      Lead Case No. 3AN-06-11929 CI
                                                  )
                                                  )
_____ )

## STIPULATION OF SETTLEMENT

IT IS HEREBY STIPULATED AND AGREED, by, between and among

Plaintiffs UNITE HERE National Retirement Fund, London Pensions Fund Authority,

Jeffrey Pickett, Sandra Donnelly and Patricia Foreman (who have sued derivatively on

behalf of BP p.l.c., BP America Inc., The Standard Oil Company and BP Exploration

(Alaska) Inc.) and Nominal Defendant BP p.l.c., through their respective duly authorized

counsel, that the lawsuit captioned *In re BP p.l.c. Derivative Litigation*, Lead Case No.

3AN-06-11929 CI (Superior Court for the State of Alaska), and all matters that were

raised or could have been raised in that lawsuit on behalf of Nominal Defendants

BP p.l.c., BP America Inc., The Standard Oil Company and BP Exploration (Alaska) Inc.

and against Defendants David C. Allen, The Lord John Browne of Madingley, John H.

Bryan, John G.S. Buchanan, Antony Burgmans, William M. Castell, Rodney F. Chase,

Paula J. Clayton, Iain C. Conn, Erroll B. Davis, Jr., Debra A. Dowling, Douglas J. Flint,

William Douglas Ford, Alastair M. Graham, Byron E. Grote, Anthony B. Hayward,

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

DeAnne S. Julius, Charles F. Knight, Floris A. Maljers, Robert A. Malone, John A. Manzoni, Steve Marshall, Walter E. Massey, Neil R. McCleary, Sir Thomas McKillop, Henry Michael P. Miles, Sir Robin B. Nicholson, Richard L. Olver, Chris J. Phillips, Ross J. Pillari, Daniel B. Pinkert, Debra A. Plumb, Stanley P. Presley, Sir Ian Prosser, Ian Springett, Peter D. Sutherland, Michael H. Wilson and Richard C. Woollam or any other current or former directors, officers or employees of Nominal Defendants BP p.l.c., BP America Inc., The Standard Oil Company and BP Exploration (Alaska) Inc. or their affiliates or subsidiaries are settled, compromised and dismissed on the merits and with prejudice on the terms and conditions set forth in this Settlement Agreement and the Release set forth herein, subject to the approval of the Court.

## I.     DEFINITIONS

A.     As used in this Agreement, the following capitalized terms have the following meanings, unless a section or subsection of this Agreement provides otherwise:

1.     "Action" means the lawsuit captioned *In re BP p.l.c. Derivative Litigation*, Lead Case No. 3AN-06-11929 CI (Superior Court for the State of Alaska).

2.     "Agreement" or "Settlement Agreement" means this Stipulation of Settlement and the Exhibits hereto, including any subsequent amendments thereto.

3.     "Approval Date" means the date on which the Final Judgment is entered in this Action.

4.     "Attorneys' Fees and Expenses" means such funds as the Court awards to Plaintiffs to compensate Plaintiffs' Counsel (and any other counsel representing Plaintiffs) for their fees and expenses in connection with this Action.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

5.     "Board" means the Board of Directors of BP p.l.c.

6.     "Class Actions" means the putative class actions captioned *In re BP Prudhoe Bay Royalty Trust Securities Litigation*, No. C06-1505 (MJP) (United States District Court for the Western District of Washington); *Diana Allen Life Insurance Trust v. BP p.l.c. et al*, No. 06-cv-14209 (PAC) (KNF) (United States District Court for the Southern District of New York); and *Reese v. Malone et al*, No. 07-cv-7511 (RJK) (RC) (United States District Court for the Central District of California).

7.     The "BP Group" means BP p.l.c. ("BP"), BP America Inc., The Standard Oil Company and BP Exploration (Alaska) Inc. ("BPXA"), all of BP p.l.c.'s present and former subsidiaries and affiliates and the successors and predecessors of any one of them.

8.     "BP's Counsel" means the law firms of Sullivan & Cromwell LLP and Feldman Orlansky & Sanders.

9.     "Complaint" means the First Amended Verified Shareholder Derivative Complaint for Intentional, Reckless or Negligent Breach of Fiduciary Duty and Corporate Waste filed in this Action by Plaintiffs.

10.     "Court" means the Superior Court for the State of Alaska.

11.     "Effective Date" means the date on which the Final Judgment in this Action becomes final.  For purposes of this definition, the Final Judgment in this Action shall become final:

a.     If no appeal is taken therefrom, on the date on which the time to appeal therefrom has expired;

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

b.     If any appeal is taken therefrom, on the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing *en banc* and petitions for *certiorari* or any other form of review, have been finally disposed of in a manner that does not result in any alteration of the Final Judgment in this Action; or

c.     On a date to which counsel for the Parties agree in writing after entry of the Final Judgment in this Action.

12.     "Fairness Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement as fair, reasonable and adequate and in the best interests of BP, the other Nominal Defendants and the Stockholders.

13.     "Final Judgment" means the judgment entered pursuant to this Agreement approving the settlement and this Agreement, as contemplated in Section IX of this Agreement.   A copy of the proposed Final Judgment is attached hereto as Exhibit D.

14.     "Hearing Order" means the order to be entered by the Court concerning notice, administration and the Fairness Hearing, as contemplated in Section VIII of this Agreement.  A copy of the proposed Hearing Order is attached hereto as Exhibit B.

15.     "Individual Defendants" means David C. Allen, The Lord John Browne of Madingley, John H. Bryan, John G.S. Buchanan, Antony Burgmans, William M. Castell, Rodney F. Chase, Paula J. Clayton, Iain C. Conn, Erroll B. Davis, Jr., Debra

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

A. Dowling, Douglas J. Flint, William Douglas Ford, Alastair M. Graham, Byron E. Grote, Anthony B. Hayward, DeAnne S. Julius, Charles F. Knight, Floris A. Maljers, Robert A. Malone, John A. Manzoni, Steve Marshall, Walter E. Massey, Neil R. McCleary, Sir Thomas McKillop, Henry Michael P. Miles, Sir Robin B. Nicholson, Richard L. Olver, Chris J. Phillips, Ross J. Pillari, Daniel B. Pinkert, Debra A. Plumb, Stanley P. Presley, Sir Ian Prosser, Ian Springett, Peter D. Sutherland, Michael H. Wilson and Richard C. Woollam.

16. "Interest Rate" means interest calculated on a simple interest basis based upon the 90-day Treasury bill rate on the first (1st) day of each month, as published in *The Wall Street Journal* under the description of "Money Rates."

17. "Nominal Defendants" means BP p.l.c., BP America Inc., The Standard Oil Company and BP Exploration (Alaska) Inc.

18. "Notice" means the legal notice of the terms of the proposed settlement to be provided to the Stockholders, as approved in form and content by Plaintiffs' Counsel and BP's Counsel. A copy of the proposed Notice is attached hereto as Exhibit C.

19. "Parties" or "Settling Parties" means Plaintiffs and BP, collectively, and, where applicable, their respective counsel.

20. "Plaintiffs" means UNITE HERE National Retirement Fund, London Pensions Fund Authority, Jeffrey Pickett, Sandra Donnelly and Patricia Foreman.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

21.    "Plaintiffs' Counsel" means the law firms of Coughlin Stoia Geller Rudman & Robbins LLP; Jermain Dunnagan & Owens, P.C.; Cuneo Gilbert & LaDuca, LLP and Robbins Umeda & Fink LLP.

22.    "Plaintiffs' Corporate Governance Experts" means Lens Governance Advisors LLC and PIRC.

23.    "Release" means the release set forth in Section VI.A of this Agreement.

24.    "Releasees" means (i) each of the Individual Defendants; (ii) the Nominal Defendants; and (iii) the respective past and present officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates of any member of the BP Group.

25.    "Related Derivative Action" means *In re BP p.l.c. Derivative Litigation*, No. 06-cv-6168 (HB) (United States District Court for the Southern District of New York).

26.    "Stockholders" means all individuals or entities who hold or beneficially own, directly or indirectly, common stock, American Depository Shares or other equity securities of BP as of the date of the Hearing Order.

B.    Capitalized terms used in this Agreement but not defined above shall have the meanings ascribed to them in this Agreement.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

## II.   BACKGROUND

### A.   The Derivative Actions

1.     In August 2006, the Related Derivative Action was filed in the United States District Court for the Southern District of New York. On July 23, 2007, the motion to dismiss filed by the Nominal Defendants and Individual Defendants was granted. On August 21, 2007, plaintiffs in the Related Derivative Action filed a Notice of Appeal. That appeal is currently pending before the United States Court of Appeals for the Second Circuit.

2.     On October 2, 2006, Plaintiffs UNITE HERE National Retirement Fund and Jeffrey Pickett filed the first derivative complaint in the Court. The complaint was amended to add Plaintiff London Pensions Fund Authority on October 9, 2006. On October 19, 2006, Plaintiffs Sandra Donnelly and Patricia Foreman filed a separate, but substantially similar, derivative complaint. The Court consolidated the two derivative actions pending before it into this Action pursuant to a stipulation dated January 9, 2007, and Plaintiffs filed an amended complaint on January 11, 2007. The Action asserts claims purportedly on behalf of the Nominal Defendants against the Individual Defendants—the sixteen then-current members of BP's Board of Directors, nine former directors of BP and thirteen current and former directors, officers and employees of BP America, Standard Oil and BPXA—for breach of fiduciary duty and waste of corporate assets as described in Section II.B below. The Action seeks, on behalf of the Nominal Defendants, compensatory and punitive damages, injunctive remedies and other forms of equitable relief.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

3.      On February 8, 2007, Plaintiffs sought a Temporary Restraining Order and Preliminary Injunction to enjoin BP from paying The Lord John Browne of Madingley, BP's outgoing CEO, certain severance/termination benefits and from releasing Lord Browne from liability for the claims alleged in the Action (the "TRO/PI Motion"). Plaintiffs also sought and received expedited discovery related to the TRO/PI Motion.

4.      The Parties briefed the TRO/PI Motion as well as a motion to dismiss the Action filed by the Nominal Defendants and Individual Defendants for lack of personal jurisdiction over BP and certain Individual Defendants, *forum non conveniens* and lack of standing under English law. Plaintiffs filed motions to strike the declaration of the Nominal Defendants and Individual Defendants' English law expert and to compel responses to Plaintiffs' jurisdictional discovery requests, but the Court denied these motions on the condition that the Court would not dismiss any Individual Defendant for lack of personal jurisdiction until Plaintiffs were given the opportunity to conduct jurisdictional discovery. On May 17, 2007, the Court denied the motion to dismiss.

5.      On July 6, 2007, the Parties resolved the TRO/PI Motion by stipulation, restraining certain payments and other matters, pending resolution of the Action. That stipulation applied to Lord Browne and John Manzoni, BP's outgoing head of refining operations.

6.      On June 11, 2007, the Nominal Defendants and Individual Defendants petitioned for interlocutory review of the Court's decision denying their motion to dismiss. The Alaska Supreme Court granted interlocutory review on July 19,

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*                           Case No. 3AN-06-11929 CI
Stipulation Of Settlement                                          Page 8 of 41

2007. This appeal has been fully briefed. The Parties are seeking a stay of the hearing and determination of the appeal pending the Court's consideration of the Settlement Agreement and entry of a Final Judgment and the Effective Date thereof pursuant to this Agreement, at which time the Nominal Defendants and Individual Defendants will dismiss their appeal as moot.

      7.     On November 1, 2007, Plaintiffs filed the Complaint.

**B.**    **Plaintiffs' Contentions**

      1.     Plaintiffs assert that BP is the largest non-U.S. based company listed on the New York Stock Exchange; the BP Group is the largest oil and gas producer in the U.S., the second-largest liquids pipeline company in the U.S., operating about 10,000 miles of pipeline, and the second-largest refiner, fuels marketer and gasoline marketer in the U.S.; companies in the BP Group commenced operations at Prudhoe Bay on Alaska's North Slope in 1969 as part-owner and operator (eventually, sole operator) of the largest oil field in the U.S.; and companies in the BP Group employ approximately 34,000 people in the U.S. and have offices in Alaska and across the country.

      2.     Plaintiffs also contend that companies in the BP Group undertook practices that resulted in a reduction of expenditures on plant and equipment maintenance for both refineries and pipelines; a decrease of mandatory inspections; and a lack of controls to prevent unfair and illegal trade practices including price manipulation of propane, unleaded gas, and crude oil.

      3.     Plaintiffs contend that, as the BP Group's operating costs decreased, its revenues increased, permitting the BP Group's top managers and directors to retain

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

their positions with the BP Group and to obtain the financial and professional benefits those offices provided. Plaintiffs contend that the Individual Defendants' actions were imprudent, reckless, negligent or illegal and created dangerous conditions for employees of companies in the BP Group, damaged its reputation and undermined its financial stability.

4.    Plaintiffs contend that the Individual Defendants breached their fiduciary duties to BP, the other Nominal Defendants and the Stockholders and committed corporate waste between 2000 and 2007, resulting in five discrete events that were detrimental to Nominal Defendants:

a.    On March 23, 2005, an explosion and fire occurred at an oil refinery owned and operated by BP Products North America Inc. in Texas City, Texas. Fifteen workers died and approximately 170 workers were injured. The explosion resulted in civil lawsuits and governmental investigations. On October 24, 2007, BP Products North America Inc., a member of the BP Group, pled guilty to a felony violation of the Clean Air Act in connection with the Texas City explosion and agreed to pay a $50 million fine;

b.    In March and August 2006, BPXA discovered two oil spills at certain transit pipelines in Prudhoe Bay. On August 6, 2006, after determining that segments of the pipeline system contained pitted corrosion, BPXA temporarily shut down portions of the Prudhoe Bay oil field until August 12, 2006. The oil spills and temporary shutdown resulted in federal and state investigations into BPXA's pipeline maintenance program and procedures in Alaska. On October 24, 2007, BPXA pleaded guilty to a

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

violation of the Clean Water Act in connection with the oil spills and agreed to pay a $12 million criminal fine, $4 million in community service payments and $4 million in criminal restitution and to serve three years of probation;

      c.     In June 2006, Dennis Abbott, a commodities trader employed by BP Products North America Inc., pled guilty to conspiracy to manipulate the propane market during the winter of 2004. On October 24, 2007, BP America Inc. entered into a deferred prosecution agreement, admitting that employees of certain subsidiaries of BP America Inc. conspired to manipulate the February 2004 TET propane market. As part of this agreement, BP agreed to pay $53 million in restitution, a criminal penalty of $100 million, a $25 million payment to the U.S. Postal Inspection Service Consumer Fraud Fund and a civil penalty of $125 million. The federal government is investigating whether employees of certain BP subsidiaries attempted to manipulate crude oil and gasoline prices between 2002 and 2004;

      d.     In 2003 and 2004, a new company was created known as TNK-BP, owned 50% by BP. BP paid approximately $7.2 billion for its ownership share. In 2006, TNK-BP paid approximately $1.4 billion to settle a decision of the Russian tax authorities following a tax audit of certain TNK-BP companies. In June 2007, TNK-BP agreed to sell its interest in the company holding the license for a gas field and its interest in the company constructing the regional gasification project for, Plaintiffs allege, less than the value paid by TNK-BP for those interests; and

      e.     In 2005, during Hurricane Dennis, the Thunder Horse oil platform in the Gulf of Mexico tilted due to a series of alleged design and equipment

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

failures causing delays which postponed the resumption of operations for the platform. To date, repairs have cost approximately $250 million.

### C.   Defendants' Position

1.     The Nominal Defendants and Individual Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Complaint and all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions that were alleged or could have been alleged in the Action. The Nominal Defendants and Individual Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs, any member of the BP Group, or the Stockholders have suffered damage or were harmed by the conduct alleged in the Action. The Nominal Defendants and Individual Defendants have further asserted and continue to assert that, at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of the Nominal Defendants and the Stockholders.

2.     The Nominal Defendants and Individual Defendants have maintained and continue to maintain that Plaintiffs are not entitled to relief in this Action on three grounds.  First, BP and the vast majority of the Individual Defendants have asserted and continue to assert that they are not subject to personal jurisdiction in the courts of Alaska.   Second, the Nominal Defendants and Individual Defendants have contended and continue to contend that English law applies to this Action and, under English law, Plaintiffs lack standing to sue derivatively on behalf of the Nominal Defendants.   Third, the Nominal Defendants and Individual Defendants have contended

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

and continue to contend that the courts of England are an adequate and more appropriate forum for this Action under the doctrine of *forum non conveniens.*

### D.    Settlement Discussions

1.    Beginning on or about May 15, 2007, BP's Counsel, senior counsel and executives from BP, Plaintiffs' Counsel, representatives from Plaintiffs and Plaintiffs' Corporate Governance Experts met at BP's offices in London, England and elsewhere.   During several meetings, the Parties held extensive discussions on the governance demands made in the Complaint.   Plaintiffs proposed a set of detailed corporate governance reforms, and BP responded.   The Parties also discussed the prospects of a potential resolution and the timing of a resolution of Plaintiffs' then-pending TRO/PI Motion.   The Parties also explored at great length the operational and governance processes that the BP Group had been using and what the BP Group was doing to improve operational oversight and governance.

2.    During the course of these discussions between May 15, 2007 and November 6, 2007, BP advised Plaintiffs' Counsel and Plaintiffs' Corporate Governance Experts that, commencing before and continuing during the pendency of the Action, the BP Group had conducted the review and taken the steps identified under "Enhanced Corporation Operations" in Exhibit A hereto.  BP further advised Plaintiffs' Counsel and Plaintiffs' Corporate Governance Experts that the Board had initiated a review of its own governance and that its governance policies had been reviewed and revised as discussed under "Corporate Governance Principles" in Exhibit A hereto.  BP advised Plaintiffs' Counsel and Plaintiffs' Corporate Governance Experts that these steps and reviews

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

represent, in part, the BP Group's and the Board's response to some of the events referred to in the Action.

      3.    It was against the background of the Enhanced Corporation Operations and the new Corporate Governance Principles that the Parties agreed to a definitive set of additional corporate governance provisions on January 31, 2008. These provisions, identified as the "Additional Corporate Governance Terms" in Exhibit A hereto, are incorporated herein by reference. The Parties agree that the Additional Corporate Governance Terms accomplish the wider goals of the Action within the context of BP's current governance systems.

## III.    SETTLEMENT RELIEF AND REASONS FOR SETTLEMENT

As a direct result of the pendency and prosecution of the Action and the extensive negotiations between the Parties, a proposed settlement has been reached that includes the following:

      A.    BP submits to the jurisdiction of the Court for the purpose of the consideration, entry and enforcement of this Agreement and the Final Judgment and for no other purpose.

      B.    Within 30 days after the Approval Date or such other time as the parties may agree, the Board will take such steps as are necessary to adopt the Additional Corporate Governance Terms enumerated in Exhibit A, to the extent such Additional Corporate Governance Terms are consistent with applicable laws, policies, standards, procedures and guidelines of BP. BP believes that the Additional Corporate Governance

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

Terms can be implemented in a manner consistent with applicable laws, policies, standards, procedures and guidelines of BP.

C.   The Parties agree that the Additional Corporate Governance Terms as adopted will be reflected in the appropriate corporate governance and other policy documents of BP and constitute a measurable benefit to BP and the other Nominal Defendants. Accordingly, the Parties agree that BP may, in good faith and in the reasonable exercise of judgment, alter or modify as necessary the specific language of the Additional Corporate Governance Terms to facilitate such implementation; *provided, however,* that no material change to the substance of the Additional Corporate Governance Terms shall be made absent approval of the Plaintiffs unless such change is made pursuant to Section III.D. The Parties further agree that reasonable interpretation of the Additional Corporate Governance Terms shall be within the sole discretion of the Board.

D.   The Additional Corporate Governance Terms, as adopted, shall be subject to amendment by the Board, in whole or in part, so long as such amendment: (i) is made to reflect consistency with applicable laws; or (ii) is determined in good faith to be in the best interest of BP and the other Nominal Defendants by Board resolution with a majority of the independent members of the Board voting in favor or by the Stockholders in general meeting. Stockholders will be advised of any such changes.

E.   BP shall continue to abide by the representations in Paragraphs 1 and 2 of the Stipulation Resolving Plaintiffs' Motion for a Preliminary Injunction dated July 6, 2007 and represents that Lord Browne has permanently waived rights to certain

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

severance/termination benefits as described in BP's filing with the Securities and Exchange Commission on Form 6-K on May 1, 2007. That stipulation, approved by the Court on July 9, 2007, will be abated in all other respects by operation of the Final Judgment.

F.     Plaintiffs' Corporate Governance Experts have advised Plaintiffs, and BP and will advise the Court, that due to the Additional Corporate Governance Terms, particularly taken in light of the other matters recited in Exhibit A, they fully support this Settlement Agreement.

G.     Plaintiffs' Counsel considers it desirable for the Action to be settled and dismissed (i) in light of the risks of this litigation; (ii) because of the benefits provided to BP, the other Nominal Defendants and the Stockholders under the proposed settlement; and (iii) the possibility that the Alaska Supreme Court, having granted interlocutory review of the Court's order denying the Nominal Defendants and Individual Defendants' motion to dismiss, could reverse the Court's order, terminating the action and leaving Plaintiffs and the Stockholders with no relief whatsoever.

H.     BP, taking into account the uncertainty and risks inherent in this Action, has concluded that further conduct of the Action could be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Settlement Agreement. BP considers it desirable for this Action to be settled and dismissed because this settlement will (i) benefit BP, the other Nominal Defendants and the Stockholders; (ii) avoid the substantial expense and further disruption of the management and operation of the BP Group's business that may

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

result from the Action; and (iii) finally put Plaintiffs' claims and the underlying matters to rest.

## IV.    NOTICE TO STOCKHOLDERS AND RIGHT OF COMMUNICATION

### A.    Notice

1.    Alaska Rule of Civil Procedure 23.1 provides that, when a derivative action is continued, abandoned, compromised or settled, the court, in its discretion, may direct that notice be given to shareholders whose interests may be substantially affected. The Parties agree that it is appropriate to give notice of this Settlement to the Stockholders and further agree that notice by publication is the most cost-effective method by which to provide adequate notice.

2.    Subject to the requirements of the Hearing Order and no later than 45 calendar days before the Fairness Hearing, BP shall cause the Notice to be published in the national and international editions of *The Wall Street Journal* and the *Financial Times*.  In addition, BP will post the Notice on the www.bp.com website beginning 45 calendar days before the Fairness Hearing and continuing through the date of the Fairness Hearing.  BP will pay for the costs associated with producing and publishing the Notice.

3.    The Notice shall:  (i) contain a short and plain statement of the background of the Action and the proposed settlement; (ii) generally describe the nature of the relief provided; (iii) state that any relief is contingent on the Court's final approval of the proposed settlement; (iv) inform Stockholders of the date of the Fairness Hearing and of their right to object to the Settlement Agreement; (v) conform to the requirements

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

of the Alaska Rules of Civil Procedure, including, but not limited to, Alaska Civil Procedure Rule 23.1, the due process clauses of the Alaska and United States Constitutions, the Rules of the Court and any other applicable law; and (vi) otherwise be in a manner and form agreed upon by the Parties to this Settlement Agreement and approved by the Court.

       4.     A copy of the proposed Notice is attached hereto as Exhibit C.

**B.    Right of Communication with Stockholders**

       1.     BP expressly reserves the right to communicate with and respond to inquiries by Stockholders with respect to matters unrelated to this Settlement Agreement and may do so through any appropriate agency.

       2.     BP may undertake such efforts to communicate with Stockholders regarding the Notice and terms of this Settlement as BP deems necessary or appropriate, including telephone communications.  Any written communication to BP by any Stockholder regarding the Settlement Agreement or any written communication to a Stockholder by BP regarding the Settlement Agreement shall be provided to Plaintiffs' Counsel as soon as practical after the communication is received or generated, as the case may be.

**C.    Media Communications**

       1.     Plaintiffs' Counsel and BP's Counsel agree to cooperate in good faith to ensure that (i) any comments about or descriptions of the proposed settlement in the media or any other public forum are balanced, fair and accurate; and (ii) any press releases announcing the proposed settlement are provided in advance to Plaintiffs'

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

Counsel and BP's Counsel before dissemination or publication; *provided, however,* that BP shall be able to make, without notification to or prior review or approval by Plaintiffs' Counsel, any and all disclosures regarding the Settlement Agreement that BP believes may be required or appropriate under applicable law or by the rules of any securities exchange on which BP's securities trade, or as required in connection with a judicial or regulatory proceeding.

## V.     OBJECTIONS TO SETTLEMENT

A.     Any Stockholder who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the proposed settlement must deliver to Plaintiffs' Counsel and BP's Counsel and file with the Court, no later than 14 calendar days before the Fairness Hearing or as the Court may otherwise direct, a statement of his, her or its objection, as well as the specific reasons, if any, for each objection, including any legal support the Stockholder wishes to bring to the Court's attention and any evidence the Stockholder wishes to introduce in support of the objection.  Stockholders may so object either on their own or through an attorney hired at their own expense.

B.     If a Stockholder hires an attorney to represent him, her or it, the attorney must (i) file a notice of appearance with the Clerk of the Court no later than 14 calendar days before the Fairness Hearing or as the Court otherwise may direct; and (ii) deliver to Plaintiffs' Counsel and BP's Counsel, no later than 14 calendar days before the Fairness Hearing, a copy of the same.

C.     Any Stockholder who files and serves a written objection, as described in this Section, may appear at the Fairness Hearing, either in person or through personal

Feldman Orlansky
& Sanders
500 L Street
Fourth Floor
Anchorage, AK
99501
Tel: 907.272.3538
Fax: 907.274.0819

counsel hired at the Stockholder's expense, to object to the fairness, reasonableness or adequacy of this Agreement or the proposed settlement. Stockholders or their attorneys who intend to make an appearance at the Fairness Hearing must deliver to Plaintiffs' Counsel and BP's Counsel, no later than 14 calendar days before the Fairness Hearing or as the Court may otherwise direct, a notice of intention to appear.

D.    Any Stockholder who fails to comply with the provisions of this Section shall waive and forfeit any and all rights he, she or it may have to appear separately or to object.

## VI.    RELEASE AND WAIVER AND ORDER OF DISMISSAL

### A.    Release and Waiver

1.    Plaintiffs and BP agree, and the Stockholders are deemed by operation of the Final Judgment to agree, to the following release and waiver, which shall take effect upon the Effective Date:

a.    Subject to Sections VI.A.2, VI.A.3, VI.A.6 and VI.A.7 below, Plaintiffs, the Stockholders and the BP Group hereby release and discharge the Releasees from and shall not now or hereafter institute, participate in, maintain, maintain a right to or assert against the Releasees, either directly or indirectly, derivatively, on their own behalf or on behalf of any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for rescission, restitution, unjust enrichment or all damages of any kind, including those in excess of actual damages, whether based on federal, state, local or foreign law, statute, ordinance, regulation, contract, common law

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 20 of 41

or any other source, that have been, could have been or might hereafter be alleged or asserted by Plaintiffs or any member of the BP Group against the Releasees in this Action, the Related Derivative Action or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicatory body that relate in any way, directly or indirectly, to the allegations contained in the Complaint or in any of the complaints filed in the Related Derivative Action, including, without limitation:

(1)     All claims related to breach of fiduciary duty or waste of corporate assets arising out of or related to the events set forth in Section II.B.4;

(2)     Any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations that have been, may be or could be directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the Related Derivative Action;

(3)     The salaries, bonuses and termination or other payments made to the present and former executives or directors of any member of the BP Group (i) at any time before the date on which this Release becomes effective; or (ii) if paid pursuant to an obligation entered into by any member of the BP Group before the date on which this Release becomes effective, then at any future time;

(4)     The Board's supervision and oversight of the BP Group's management and affairs through the Effective Date;

(5)     All claims relating in any way, directly or indirectly, to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with the Settlement Agreement or

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

the settlement of this Action (including, without limitation, all claims respecting the negotiation and execution of this Agreement);

(6) Except as provided in Section VII of this Agreement, any and all claims for attorneys' fees, expert witness fees or other costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs in this Action or by Plaintiffs in this Action in connection with or in any way related to this Action or the settlement of this Action; and

(7) Any breaches of fiduciary duty (or other duty placed upon corporate directors and officers by common law or statute) or obligations under federal, state or foreign law.

2. Notwithstanding any other provision of this Section, nothing in this Release shall be deemed to release the claims currently pending in the Class Actions or preclude Plaintiffs or Stockholders who are members of any certified class in the Class Actions from participating in any relief awarded in the Class Actions.

3. Notwithstanding any other provision of this Section, nothing in this Release shall be deemed to release claims unrelated to the subject matter of this Action, if any, that any member of the BP Group may have against any Releasee who files, commences, prosecutes, intervenes in or otherwise participates as an adversary in any action or proceeding against any member of the BP Group or who asserts any claims (including for contribution or indemnity) against any member of the BP Group in any action or proceeding.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 22 of 41

4.     Plaintiffs and BP expressly understand that principles of law in some jurisdictions, such as Section 1542 of the Civil Code of the State of California, provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, must have materially affected his settlement with the debtor. To the extent that, as a result of or notwithstanding the choice of law provisions in the Settlement Agreement, California or other law may be applicable, Plaintiffs and BP expressly waive, with respect to Releasees, all rights afforded by Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein, and Plaintiffs and BP hereby agree and acknowledge that this is an essential term of this Release. Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the provisions of Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein and for the purpose of implementing a full and complete release, Plaintiffs and BP understand and agree that this Release is intended to include all claims, if any, which Plaintiffs or any member of the BP Group may have and which Plaintiffs or any member of the BP Group do not now know or suspect to exist in their favor against the Releasees, and that this Release extinguishes those claims. The Parties acknowledge, and the Stockholders are deemed by

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of this Release.

5.    In connection with this Release, Plaintiffs and BP acknowledge that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Plaintiffs and BP in executing this Release fully, finally and forever to settle and release all such matters and all claims relating thereto that exist, hereafter may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the matters released.

6.    Nothing in this Release shall preclude any action to enforce the terms of this Agreement.

7.    Notwithstanding any other provision of this Section, nothing in this Release shall preclude any action by any member of the BP Group against any of the Individual Defendants or other Releasees to: (i) enforce the provisions of any severance or related compromise agreement between any member of the BP Group and an Individual Defendant that require the Individual Defendant to cooperate with the BP Group and relevant governmental authorities; or (ii) recover attorneys' fees and other expenses advanced to an Individual Defendant if that Individual Defendant is ultimately determined not to have met the applicable standards for indemnification under relevant law.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

8.     Upon the Effective Date, each of the Releasees shall be deemed to have been released and by operation of the Final Judgment shall fully, finally and forever release, relinquish and discharge each of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Action and the Release set forth in Sections VI.A.1 to VI.A.7 above.

9.     Plaintiffs and BP hereby agree and acknowledge that the provisions of this Release together constitute an essential term of the Settlement Agreement.

**B.     Order of Dismissal and Release**

1.     The Parties will seek and obtain from the Court a Final Judgment as further described below in Section IX.  The Final Judgment shall, among other things, (i) approve the Settlement Agreement as fair, reasonable and adequate pursuant to Alaska Rule of Civil Procedure 23.1; (ii) dismiss the Action as to the Nominal Defendants and Individual Defendants with prejudice and on the merits; (iii) incorporate the terms of the Release; and (iv) incorporate any Attorneys' Fees and Expenses awarded under Section VII. A copy of the proposed Final Judgment is attached hereto as Exhibit D.

**VII.   ATTORNEYS' FEES AND LITIGATION EXPENSES**

A.     As a unitary part of the settlement set forth herein and in recognition of the benefits provided to BP, the other Nominal Defendants and the Stockholders as a result of the prosecution and settlement of the Action, BP agrees to pay Plaintiffs' Counsel the sum of $9.75 million as and for their attorneys' fees, plus their actual costs and expenses

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

(including compensation of Plaintiffs' Corporate Governance Experts), subject to court approval.

B.    Payment by BP of any award of Attorneys' Fees and Expenses shall not be made prior to, and is contingent upon, the Approval Date. The Attorneys' Fees and Expenses shall be paid to Coughlin Stoia Geller Rudman & Robbins LLP, to be thereafter distributed among Plaintiffs' Counsel in such proportions as Coughlin Stoia Geller Rudman & Robbins LLP shall in good faith determine represents each such counsel's contribution to the prosecution and resolution of the Action, subject to the obligation of Plaintiffs' Counsel to repay the Attorneys' Fees and Expenses plus interest as provided in Section X.D.7 should the Effective Date not occur. BP shall have no responsibility for the allocation of such payment among Plaintiffs' Counsel.

C.    Neither any member of the BP Group nor the Individual Defendants nor any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates shall be liable for or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, this Settlement Agreement or the proposed settlement, other than as expressly provided for in this Settlement Agreement.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 26 of 41

## VIII.   ORDER OF NOTICE, FAIRNESS HEARING AND ADMINISTRATION

A.     Within 30 days of execution of this Settlement Agreement and unless otherwise agreed to by the Parties, the Parties shall submit the Agreement to the Court and seek and obtain from the Court a Hearing Order:

1.     Finding that the proposed settlement is sufficiently fair, reasonable and adequate to warrant publishing the Notice;

2.     Scheduling the Fairness Hearing, to be held on such date as the Court may direct, to consider the fairness, reasonableness and adequacy of all aspects of the proposed settlement and whether its provisions should be approved by the Court;

3.     Approving the proposed Notice and notice methodology described in this Agreement and determining that the proposed Notice and notice methodology described in this Agreement constitute sufficient notice and satisfy the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions and any other applicable law and constitute due and sufficient notice of the Settlement Agreement and Fairness Hearing to all persons or entities entitled to receive such Notice;

4.     Directing that the Nominal Defendants and Individual Defendants shall not be required to answer the Complaint;

5.     Directing BP or its designee to cause the Notice to be published no later than 45 days before the Fairness Hearing;

6.     Requiring BP to file proof of the publishing of the Notice at or before the Fairness Hearing;

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 27 of 41

7.      Authorizing BP to communicate with Stockholders about the Action and the terms of the proposed settlement, subject to the terms of Section IV.B of this Agreement, and to engage in any other communications within the normal course of the BP Group's business;

8.      Preliminarily enjoining Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective representatives, trustees, successors, heirs and assigns, from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by this Agreement pending the final ruling of the Court on the Settlement Agreement; *provided, however*, that nothing in this Settlement Agreement shall preclude the Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving any relief awarded in the Class Actions;

9.      Requiring each Stockholder who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the proposed settlement to deliver to Plaintiffs' Counsel and BP's Counsel and to file with the Court, no later than 14 calendar days before the Fairness Hearing or at such other time as the Court may direct, a statement of his or her objection as well as the specific reasons, if any, for each objection, including any legal support the Stockholder wishes to bring to the Court's

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

attention and any evidence the Stockholder wishes to introduce in support of his or her objection, or be forever barred from separately objecting;

10. Requiring any attorney hired by a Stockholder at the Stockholder's expense for the purpose of objecting to this Agreement, the proposed settlement or the award of Attorneys' Fees and Expenses to file with the Clerk of the Court and to deliver to Plaintiffs' Counsel and BP's Counsel, no later than 14 calendar days before the Fairness Hearing or as the Court may otherwise direct, a notice of appearance;

11. Requiring any Stockholder who files and serves a written objection and who intends to make an appearance at the Fairness Hearing, either in person or through personal counsel hired at the Stockholder's expense, to file with the Court and deliver to Plaintiffs' Counsel and BP's Counsel, no later than 14 calendar days before the Fairness Hearing or as the Court may otherwise direct, a notice of intention to appear;

12. Directing Plaintiffs' Counsel and BP's Counsel promptly to furnish each other with copies of any and all objections that might come into their possession; and

13. Containing any additional provisions that might be necessary to implement and administer the terms of this Agreement and the proposed settlement.

B. None of the Plaintiffs will object to the proposed settlement, file an appeal therefrom or otherwise seek review of any order approving the proposed settlement.

C. A copy of the proposed Hearing Order is attached hereto as Exhibit B.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 29 of 41

## IX.   FINAL APPROVAL AND FINAL JUDGMENT

A.      At or after the Fairness Hearing and upon the Court's approval of this Agreement, the Parties shall seek and obtain from the Court a Final Judgment.  The Final Judgment, taking into consideration all the facts and circumstances outlined in this Agreement, shall, among other things:

1.      Find that Plaintiffs have held equity securities of BP since the commencement of this Action and have prosecuted this Action on behalf of BP and the Stockholders;

2.      Find that the Court has jurisdiction to approve the Settlement Agreement and Exhibits thereto;

3.      Direct that the requirements undertaken by BP pursuant to Sections III.A to III.E of the Settlement Agreement shall become effective on the Approval Date and shall continue in full force and effect for three years thereafter, at the conclusion of which they shall expire and BP shall have no further obligations under such sections;

4.      Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of Alaska and United States law, including the due process clauses of the Alaska and United States Constitutions, the Alaska Rules of Civil Procedure, the Rules of the Court and any other applicable law, and in the best interests of BP, the other Nominal Defendants and the Stockholders;

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

5.      Vacate as moot, upon the Effective Date, the Court's decision of May 17, 2007;

6.      Direct the Nominal Defendants and Individual Defendants, upon the Effective Date, to dismiss as moot their appeal from the Court's decision of May 17, 2007;

7.      Direct the Parties and their counsel to implement and consummate this Agreement according to its terms and provisions;

8.      Declare this Agreement to be binding on—and, as to all claims and issues that have been or could have been raised in this Action, to have *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of—the Parties and the Stockholders, as well as their past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates, including any person or entity controlled by, controlling or under common control with them;

9.      Find that the Notice provided to the Stockholders in this Action and the manner in which the Notice was published constituted sufficient notice and satisfied the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions and any other applicable law and constituted due and sufficient notice of the Settlement Agreement and Fairness Hearing to all persons or entities entitled to receive such notice;

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*                                   Case No. 3AN-06-11929 CI
Stipulation Of Settlement                                                         Page 31 of 41

10.    Find that Plaintiffs' Counsel and Plaintiffs brought the Action in good faith and have adequately represented the interests of BP, the other Nominal Defendants and the Stockholders for purposes of entering into and implementing the settlement;

11.    Incorporate the Release set forth above in Section VI.A, make the Release effective as of the date of the Effective Date and forever discharge the Releasees from any claims or liabilities arising from or related to the matters covered by the Release;

12.    Incorporate the release set forth in Section VI.A.8 above and make such release effective as of the Effective Date;

13.    Permanently bar and enjoin Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by this Agreement; *provided, however*, that nothing in this Settlement Agreement shall preclude Stockholders or members of the alleged class in the Class Actions from

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 32 of 41

participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions;

14.    Authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Agreement as (i) are consistent with the Final Judgment; and (ii) do not limit the rights of Plaintiffs, the BP Group, the Stockholders or the Individual Defendants under the Settlement Agreement;

15.    Dismiss the Action as to the Nominal Defendants and Individual Defendants on the merits and with prejudice, without fees or costs to any party except as provided in this Agreement; and

16.    Provide that the Court, without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of this Agreement and the Final Judgment and for any other necessary purpose; *provided, however*, that nothing in this subsection shall restrict the ability of the Parties to exercise their rights under Section X.A below.

B.    A copy of the proposed Final Judgment is attached hereto as Exhibit D.

## X.    MODIFICATION OR TERMINATION OF THE SETTLEMENT AGREEMENT

A.    The terms and provisions of this Agreement may be amended, modified or expanded by agreement of the Parties and approval of the Court; *provided, however*, that, after entry of the Final Judgment, the Parties may by agreement effect such amendments,

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

modifications or expansions of this Agreement and its implementing documents (including all exhibits thereto) without notice to or approval by the Court if such changes are consistent with the Court's Final Judgment and do not limit the rights of Plaintiffs, the BP Group, the Stockholders or the Individual Defendants under the Settlement Agreement.

B.       This Agreement will terminate at the sole option and discretion of Plaintiffs or BP if (i) the Court or any appellate court rejects, modifies or denies approval of any portion of the Settlement Agreement or the proposed settlement that the terminating party, in its sole judgment and discretion, reasonably determines is material, including, without limitation, the terms of relief, the findings of the Court, the provisions relating to notice or the terms of the Release; or (ii) the Court, or any appellate court, does not enter or completely affirm, or alters or expands, any portion of the Final Judgment that the terminating party, in its sole judgment and discretion, reasonably believes to be material. The terminating party must exercise the option to withdraw from and terminate this Agreement, as provided in this Subsection, no later than 20 days after receiving notice of the event giving rise to the grounds for the termination.

C.       If an option to withdraw from and terminate this Agreement arises under Section X.B of this Agreement, (i) neither Plaintiffs nor BP will be required for any reason or under any circumstance to exercise that option; and (ii) any determination to exercise that option shall be made in good faith.

D.       If this Agreement is terminated pursuant to its terms, then:

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

1.     This Agreement shall be null and void and shall have no force or effect, and no party to this Agreement shall be bound by any of its terms, except for the terms of this subsection;

2.     This Agreement, all of its provisions and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of Plaintiffs and BP, both of whom shall be restored to their respective positions existing immediately before the execution of this Agreement;

3.     The Nominal Defendants, Individual Defendants and their current and former officers, directors, partners, principals, employees, agents, representatives, attorneys, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates expressly and affirmatively reserve all defenses, arguments and motions as to all claims that have been or might later be asserted in this Action;

4.     The Plaintiffs, Nominal Defendants and Individual Defendants and their current and former officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates expressly and affirmatively reserve all motions as to, and arguments in support of, all claims that have been or might later be asserted in this Action;

5.     Neither this Agreement nor the fact of its having been made, shall be admissible or entered into evidence for any purpose whatsoever;

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

6.      Any order or judgment entered after the date of this Agreement and before the termination of this Agreement will be deemed vacated and will be without any force and effect; and

7.      Any Attorneys' Fees and Expenses theretofore paid by BP will be repaid to BP by Coughlin Stoia Geller Rudman & Robbins LLP with interest from the date of payment at the Interest Rate.

## XI.   GENERAL MATTERS AND RESERVATIONS

A.      The obligation, though not the ability, of the Parties to conclude the proposed settlement is and will be contingent on each of the following:

1.      Compliance by BP with Section III.B of this Agreement;

2.      Occurrence of the Effective Date;

3.      Payment of any Attorneys' Fees and Expenses awarded under Section VII; and

4.      Any other conditions stated in this Agreement.

B.      The Parties, their counsel and Plaintiffs' Corporate Governance Experts agree to keep the existence and contents of this Agreement and all related negotiations confidential until the earlier of the filing of this Agreement with the Court or the date of the first public announcement by BP, which shall occur at BP's discretion; *provided, however*, that this Section shall not prevent earlier disclosure of such information by BP to other defendants, to the Board, to its employees, auditors or rating agencies or to its directors and officers or insurers.  Thereafter, the negotiations and information exchanged during the course of the negotiations shall continue to be held in confidence by all those

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

privy to them; *provided, however*, that particulars may be disclosed by BP or Plaintiffs to any person or entity (such as experts or courts) to whom the Parties agree disclosure must be made to effectuate the terms and conditions of this Agreement; and *further provided, however*, that BP shall be able to make, without notification to, or prior review or approval by, Plaintiffs' Counsel, any and all disclosures regarding the Settlement Agreement that BP believes may be required or appropriate under applicable law or by the rules of any securities exchange on which BP's securities are traded or as required in connection with a judicial or regulatory proceeding.

C.    By execution of this Agreement, neither the Individual Defendants nor the Nominal Defendants intend to release any claim against any insurer for any cost or expense hereunder, including attorneys' fees and costs.

D.    Plaintiffs' Counsel represents that (i) they are authorized to enter into this Agreement on behalf of Plaintiffs and any other counsel for Plaintiffs with respect to all claims released herein; and (ii) they are seeking to protect the interests of BP, the other Nominal Defendants and the Stockholders.

E.    BP's Counsel represents that they are authorized to enter into this Agreement on behalf of BP.

F.    This Agreement sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by the Parties or their counsel. The Parties expressly warrant and represent and do hereby state that no promise or agreement that is not herein expressed

Feldman Orlansky
& Sanders
500 L Street
Fourth Floor
Anchorage, AK
99501
Tel: 907.272.3538
Fax: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

has been made in executing this Agreement.  There are no warranties between the Parties of any kind other than those embodied in this Agreement.

G.     In entering into this Agreement, none of the Parties has relied upon any representation, statement or warranty that is not set forth expressly herein.

H.     This Agreement may be enforced only in the Court.

I.     Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to another, notice shall be provided by facsimile or next-day (excluding Sunday) express delivery service as follows:

1.     If to BP's Counsel, then to:

John L. Warden
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004
Facsimile:  (212) 558-3588

and

Jeffrey M. Feldman
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK  99501
Facsimile:  (907) 274-0819

2.     If to Plaintiffs' Counsel, then to:

Patrick J. Coughlin
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
Facsimile:  (619) 231-7423

and

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

Howard S. Trickey
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503
Facsimile:  (907) 563-7332

J.     All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by this Agreement or by order of Court, the day of the act, event or default from which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday, or, when the act to be done is the filing of a paper in Court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the period shall run until the end of the next day that is not one of the aforementioned days. As used in this subsection, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, President's Day, Seward's Day, Memorial Day, Independence Day, Labor Day, Alaska Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a state holiday in Alaska.

K.     The Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

L.     All Parties agree that this Agreement was drafted at arm's length, and that no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel or the circumstances under which the

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re: BP p.l.c. Derivative Litigation*
Stipulation Of Settlement

Case No. 3AN-06-11929 CI
Page 39 of 41

Agreement was made or executed; *provided, however*, that there shall be no presumption for or against any party that drafted all or any portion of this Settlement Agreement.

M.     In no event shall this Agreement, the Hearing Order, the Final Judgment, any of this Agreement's provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action or any judicial, administrative, regulatory or other proceeding, except (i) in a proceeding to enforce this Agreement; or (ii) in any subsequent action brought against any of the Releasees or any member of the BP Group in order to support a defense or counterclaim of the Releasees or any member of the BP Group of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim or issue preclusion or similar defense or counterclaim.   Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Nominal Defendants and Individual Defendants, or as a waiver by the Plaintiffs, Nominal Defendants or Individual Defendants of any applicable defense, claim, cause of action or remedy.

N.     The Parties and their successors, assigns and attorneys agree to cooperate fully with one another in seeking court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed settlement.

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

O.     This Agreement may be signed in counterparts, each of which shall constitute a duplicate original.  A complete set of original executed counterparts shall be filed with the Court.  Execution by facsimile shall be fully and legally binding on a party, and the party so executing shall promptly provide a fully executed counterpart to each of the other Parties.

P.     All Releasees who are not parties to this Agreement are intended third-party beneficiaries entitled to enforce the terms of the Release set forth herein.


Dated: 2/1 — 08

Patrick J. Coughlin
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Howard S. Trickey
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK  99503

*Attorneys for Plaintiffs*


Dated: 2/1/08

John L. Warden
Sullivan & Cromwell LLP
125 Broad Street
New York, NY  10004

Jeffrey M. Feldman
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK  99501

*Attorneys for BP*


FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re: )
)
BP P.L.C. DERIVATIVE LITIGATION ) Lead Case No. 3AN-06-11929 CI
)
_____ )

## CERTIFICATE OF SERVICE

STATE OF ALASKA )
) ss.
THIRD JUDICIAL DISTRICT )

    I, MARY M. SUMMERS, being first duly sworn upon oath, depose and state:

    1.    I am employed by the law firm of Feldman Orlansky & Sanders.

    2.    On February 1, 2008, I caused true and correct copies of the Stipulation Of Settlement with Exhibits A – D; (Proposed) Order Preliminarily Approving Settlement, Directing Notice To Stockholders And Setting Hearing For Final Approval Of The Settlement; [proposed] Final Judgment, and; the foregoing to be sent via Federal Express to:

Mary K. Blasy, Esq.
Darren J. Robbins, Esq.
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Jonathan W. Cuneo, Esq.
Pamela Gilbert, Esq.
CUNEO GILBERT & LADUCA
507 C Street, NE
Washington, DC 20002

Howard S. Trickey, Esq.
JERMAIN DUNNAGAN & OWENS, P.C
3000 A Street, Suite 300
Anchorage, AK 99503-4097

Brian J. Robbins, Esq.
Jeffrey P. Fink, Esq.
James D. McWilliams, Esq.
ROBBINS UMEDA & FINK LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re BP p.l.c. Derivative Litigation*
Certificate of Service

Case No. 3AN-06-11929 Civil
Page 1 of 2

FURTHER YOUR AFFIANT SAITH NAUGHT.

_____

MARY M. SUMMERS

SUBSCRIBED AND SWORN TO before me this 1st day of February, 2008, at

Anchorage, Alaska.

Notary Public In and For Alaska
Commission Expires: __7/29/2010__

> OFFICIAL SEAL
> STATE OF ALASKA
> NOTARY PUBLIC
> **PEGGY S. CROWE**
> My Comm. expires: July 29, 2010

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

*In re BP p.l.c. Derivative Litigation*
Certificate of Service

Case No. 3AN-06-11929 Civil
Page 2 of 2

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re:                                            )
                                                  )
BP P.L.C. DERIVATIVE LITIGATION                   )      Lead Case No. 3AN-06-11929 CI
                                                  )
_____          )

## EXHIBIT A
## TO STIPULATION OF SETTLEMENT

Howard S. Trickey
ALASKA BAR NO 7610138
JERMAIN DUNNAGAN & OWENS, PC
300 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Patrick J. Coughlin
Darren J. Robbins
Mary K. Blasy
*Pro Hac Vice*
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058

*Counsel for Respondents*

Jeffrey M. Feldman
ALASKA BAR NO. 7605029
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska  99501
(907) 272-3538

John L. Warden
Richard C. Pepperman, II
Steven J. Purcell
D. Andrew Pietro
*Pro Hac Vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Counsel for all Petitioners
  except Richard Woollam*

James E. Torgerson
ALASKA BAR NO. 85090120
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, Alaska  99501
(907) 263-8404

*Counsel for Petitioner
  Richard Woollam*

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re:                                          )
                                                )
BP P.L.C. DERIVATIVE LITIGATION                 )    Lead Case No. 3AN-06-11929 CI
                                                )
_____         )

## EXHIBIT A TO STIPULATION OF SETTLEMENT

### I. Enhanced Corporation Operations

In the past year, members of the BP Group have reviewed:  (i) the integrity and safety of the operations of the BP Group subsidiaries in the United States and elsewhere, and (ii) the Board's ability to monitor executive oversight of such matters.  As a result, the following steps, among others, have been taken:

1.  The BP Group's Executive Management has adopted a six-point plan to enhance the operational integrity and safety oversight function.

2.  Two new Operations Committees have been formed by the BP Group's Executive Management.  Both of these committees feed to and facilitate information gathering and reporting to the Executive Management and thence through to oversight by Board Committees.

    a.  The Group Operations Risk Committee, chaired by BP's Chief Executive Officer, which meets frequently, *inter alia*, to create and keep current a judgment on the state of the BP Group's operational risks and risk management.  This Committee feeds to and facilitates information gathering and reporting as aforesaid through to the Board's Safety, Ethics and Environment Assurance Committee.

    b.  The Group Financial Risk Committee, chaired by BP's Chief Financial Officer, which meets frequently, *inter alia*, to review and advise on the financial risks and appropriate financial risk governance framework for the BP Group.  A primary focus of this Committee is to monitor the BP Group's trading activities, and it feeds to and facilitates information gathering and reporting as aforesaid through to the Board's Audit Committee.

3. BP's Management System Framework, "Getting HSE Right," which supports the health, safety and environmental expectations to be adopted by the BP Group of companies, is being updated and improved into a concept known as the Operating Management System ("OMS"). Following completion of this process, Stockholders will be informed of the OMS as part of BP's normal reporting procedure.

4. A new management team, including a new technical directorate, has been put in place in Alaska. Additionally, the ability of BP's American holding company, BP America Inc., to focus on, *inter alia*, compliance, safety and operational integrity has been strengthened through enhanced accountabilities and resources, including a new and empowered Chairman and President, and newly created positions of VP Compliance & Ethics and VP Safety Operations and Assurance. Operations Advisory, HR, Diversity and Functional Boards have also been set up, as has the BP America External Advisory Board, which has provided expertise, guidance and oversight for and of executives of BP America companies and their operations, assisting them in performing, *inter alia*, their compliance, operational and integrity and safety accountabilities.

## II. Corporate Governance Principles

BP established its current Board governance policies (the "Policies") in 1997. Since then, the Policies have been kept under regular review. During 2007, the Board has caused the Policies to be more extensively reviewed through:

1. Consultation with individual BP Directors both Executive and Non-executive;

2. Detailed discussions with lawyers in the UK and the US; and

3. Consultation with corporate governance experts in the UK and the US.

The conclusion from this review was that, while the Policies remain robust, it was beneficial if they were to be restated and updated to describe more fully the role of the Board, the nature of the delegations to the Chief Executive Officer and associated monitoring and oversight.

The revised Policies, now the Principles, were put to the Board for consideration in October 2007 and, during the course of the discussions between representatives of BP and Plaintiffs' counsel and their governance advisers, were shared contemporaneously with those counsel and governance advisers. The Principles were approved by the Board in November 2007 and are set out on BP's website. Plaintiffs' governance advisers attested to their belief that the Principles are unique, cutting edge and exceed the best practices currently required by law and in the industry.

### III. Additional Corporate Governance Terms

In addition to having adopted the Principles, the Board will take the actions specified below, in settlement of the Action.

**1. Stockholder Involvement and Governance**

    a. BP will enhance its dialogue with Stockholders on corporate governance issues by holding at least one meeting each year with a number of the top 20 Stockholders, hosted by the BP Chairman, with the Senior Independent Director and Chairs of relevant Board Committees attending if available.

    b. The Board's Chairman's Committee will review annually the Principles and in so doing may seek the views of appropriate external advisers to include canvassing the views of a number of the top 20 Stockholders.

    c. For purposes of this section, "Stockholders" includes ADR holders.

**2. Board Awareness**

    a. BP recognizes that a further understanding of the businesses in which the BP Group is involved assists Non-executive Directors in contributing to Board discussions particularly relating to strategy.

    b. To assist the Non-executive Directors further in this regard, BP will develop and review a program of visits to some of the BP Group's operating sites for the Board and individual BP Directors. The Board will report annually in the BP Governance Report on the sites visited.

**3. Remuneration**

    a. BP operates an Executive Directors' Incentive Plan ("EDIP") as part of the long-term remuneration of Executive Directors. Awards of shares under the EDIP are based upon performance over a three-year period.

    b. In assessing performance, comparative total shareholder return is measured against a comparative group of the "oil majors" and a ranking produced. The Board Remuneration Committee ("RemCo") then considers the resulting award and has the discretion to increase or decrease that award based upon its assessment of the events over the three-year period. The RemCo can determine to make no change to the award.

    c. The Board will disclose in the annual BP Directors Remuneration Report the principles that the RemCo took into consideration and describe the process

used in determining an award that the RemCo makes under the EDIP, which will include BP's operational health, safety and environmental performance.

d. Should appropriate long-term operational process safety metrics be developed then BP will include those metrics in the performance measurement of future EDIPs that are presented to the shareholders for their approval and, following the adoption of such metrics, the RemCo will use them in its annual determination of awards under such future EDIPs.

## 4. Shareholder Resolutions at the Annual General Meeting

a. The Companies Act 2006 has brought UK law into line with the procedures used by BP, contained in its current Articles, for determining, with reference to the time when compliant shareholder resolutions and accompanying statements are received, who should bear the cost of circulation of such resolutions and statements. The Act now requires a company to bear the cost where a compliant resolution/statement is received before the end of the financial year preceding the Annual General Meeting.

b. BP will agree to bear the cost of a compliant resolution/statement received prior to January 21 in any given year.

c. BP is prepared to webcast its Annual General Meeting so long as it is feasible to do so.

d. BP will consult with appropriate external advisers to determine what, if any, impediments exist for holders of American Depository Shares putting resolutions to the Annual General Meeting and should impediments exist, establish whether any remedies can be found and implement such remedies as are considered feasible, effective and otherwise appropriate.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re:                                          )
                                                )
BP P.L.C. DERIVATIVE LITIGATION                 )      Lead Case No. 3AN-06-11929 CI
                                                )
_____         )

## EXHIBIT B
## TO STIPULATION OF SETTLEMENT

Howard S. Trickey                               Jeffrey M. Feldman
ALASKA BAR NO 7610138                           ALASKA BAR NO. 7605029
JERMAIN DUNNAGAN & OWENS, PC                     FELDMAN ORLANSKY & SANDERS
300 A Street, Suite 300                         500 L Street, Suite 400
Anchorage, Alaska 99503                         Anchorage, Alaska 99501
(907) 563-8844                                  (907) 272-3538

Patrick J. Coughlin                             John L. Warden
Darren J. Robbins                               Richard C. Pepperman, II
Mary K. Blasy                                   Steven J. Purcell
*Pro Hac Vice*                                  D. Andrew Pietro
COUGHLIN STOIA GELLER                           *Pro Hac Vice*
  RUDMAN & ROBBINS LLP                          SULLIVAN & CROMWELL LLP
655 West Broadway, Suite 1900                   125 Broad Street
San Diego, California 92101                     New York, New York 10004
(619) 231-1058                                  (212) 558-4000

*Counsel for Respondents*                       *Counsel for all Petitioners*
                                                  *except Richard Woollam*


                                                James E. Torgerson
                                                ALASKA BAR NO. 85090120
                                                HELLER EHRMAN LLP
                                                510 L Street, Suite 500
                                                Anchorage, Alaska 99501
                                                (907) 263-8404

                                                *Counsel for Petitioner*
                                                  *Richard Woollam*

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| In re: | ) |
| | ) |
| BP P.L.C. DERIVATIVE LITIGATION | )   Lead Case No. 3AN-06-11929 CI |
| | ) |
| | ) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT, DIRECTING NOTICE TO STOCKHOLDERS AND SETTING HEARING FOR FINAL APPROVAL OF THE SETTLEMENT

*Whereas*, pursuant to Alaska Civil Procedure Rule 23.1, the parties to the above-captioned action have filed an uncontested application for preliminary approval of a proposed settlement and for entry of a hearing order in connection with the proposed settlement of the above-captioned Action and have attached as to their application the February 1st, 2008 Stipulation of Settlement and Exhibits, including a definitive set of corporate governance changes (Exhibit A), a proposed order preliminarily approving the settlement, directing notice of the proposed settlement to Stockholders and setting a hearing for final approval of the settlement (Exhibit B), a proposed notice to be provided to Stockholders (Exhibit C) and a proposed final judgment (Exhibit D), which Stipulation of Settlement and Exhibits shall be collectively referred to as the "Settlement Agreement";

IT IS HEREBY ORDERED as follows:

1.     To the extent terms are not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreement for purposes of this Order.

2.     The Court finds that the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant providing notice of the Action and the proposed Settlement Agreement to Stockholders and holding a Fairness Hearing on the Settlement Agreement.

3.     A hearing (the "Fairness Hearing") will be held on _____ __, 20__, at _____ __.m. in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, 825 W. 4th Avenue, Anchorage, Alaska 99501-2004, to determine, among other things:

a.     Whether the proposed Settlement Agreement is fair, reasonable, adequate and in the best interests of BP, the other Nominal Defendants and the Stockholders and should be approved by the Court;

b.     Finally whether the form and method of the Notice implemented pursuant to the Settlement Agreement satisfies the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions, the Rules of the Court and any other applicable law and is sufficiently informative of the Settlement Agreement and the Fairness Hearing and gives sufficient opportunity for response to all persons or entities entitled to receive such notice;

c. Finally whether Plaintiffs fairly and adequately represent the similarly situated Stockholders in enforcing the rights of BP and the other Nominal Defendants;

d. Whether the Final Judgment should be entered in this Action pursuant to the proposed Settlement Agreement;

e. Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

f. Whether Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective representatives, trustees, successors, heirs and assigns, should be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating to such claims and causes of action, that are released by the Settlement Agreement; and

g. Any other matters, including the provision in the Settlement Agreement for payment by BP to Plaintiffs' Counsel of Attorneys' Fees and Expenses.

4. The Court finds that the form and method of notice specified in the Settlement Agreement satisfy the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions, the Rules of the Court and any other applicable law and that the Notice is

sufficiently informative of the Settlement Agreement and the Fairness Hearing and provides sufficient opportunity for response to all persons or entities entitled to receive such notice.

5.      The Court directs that the Nominal Defendants and Individual Defendants shall not be required to answer the Amended Complaint.

6.      No later than _____, 20__, forty-five (45) days before the Fairness Hearing, BP or its designee shall cause notice of the Fairness Hearing substantially in the form filed with the Court as Exhibit C to the Settlement Agreement (the "Notice") to be published in the national and international editions of *The Wall Street Journal* and the *Financial Times*. BP will pay for the costs associated with producing and publishing the Notice.

7.      BP, at or before the Fairness Hearing, shall cause to be filed proof of the publication of the Notice.

8.      BP is authorized to communicate with Stockholders about the Notice and the terms of the proposed Settlement Agreement, subject to the terms of Section IV.B of the Settlement Agreement, and to engage in any other communications within the normal course of the BP's business.

9.      Pending final determination by the Court of whether the Settlement Agreement should be approved, the Court preliminarily bars and enjoins Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective representatives, trustees, successors, heirs and assignees, from filing, commencing, prosecuting, intervening in, participating

in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; *provided, however,* that nothing in this Order shall enjoin Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving any relief awarded in the Class Actions.

10.    Stockholders who wish to object to any aspect of the Settlement Agreement or proposed settlement, including its fairness, reasonableness or adequacy, or the payment of Attorneys' Fees and Expenses must deliver to Plaintiffs' Counsel and BP's Counsel and file with the Court, no later than 14 calendar days before the Fairness Hearing, a statement of his, her or its objections, as well as the specific reasons, if any, for each objection, including any legal support the Stockholder wishes to bring to the Court's attention and any evidence the Stockholder wishes to introduce in support of his, her or its objection, or be forever barred from separately objecting. Stockholders may so object either on their own or through an attorney hired at their own expense. The Stockholder's statement (and any supporting papers) must be filed in writing with the Clerk of the Court, Superior Court for the State of Alaska, Third Judicial District at Anchorage, 825 W. 4th Avenue, Anchorage, Alaska 99501-2004, and served by facsimile or next-day (excluding Sunday) express delivery service upon each of the following counsel:

a.    Counsel for Plaintiffs:

Patrick J. Coughlin
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Facsimile: (619) 231-7423

and

Howard S. Trickey
Jermain Dunnagan & Owens, P.C.
3000 A Street, Suite 300
Anchorage, AK 99503
Facsimile: (907) 563-7332

b.    Counsel for BP:

John L. Warden
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Facsimile: (212) 558-3588

and

Jeffrey M. Feldman
Feldman Orlansky & Sanders
500 L Street, Suite 400
Anchorage, AK 99501
Facsimile: (907) 274-0819

11.    Any attorney hired by a Stockholder for the purpose of objecting to the

Settlement Agreement or the proposed settlement must (i) file a notice of appearance

with the Clerk of the Court no later than 14 calendar days before the Fairness Hearing;

and (ii) deliver to Plaintiffs' Counsel and BP's Counsel no later than 14 calendar days

before the Fairness Hearing a copy of the same.

12.    Attendance at the Fairness Hearing is not necessary. Any Stockholder who files and serves a timely written objection, pursuant to Paragraph 10, however, may appear at the Fairness Hearing, either in person or through personal counsel retained at the Stockholder's expense. Stockholders and their attorneys who intend to make an appearance at the Fairness Hearing must deliver to Plaintiffs' Counsel and BP's Counsel, no later than 14 calendar days before the Fairness Hearing, a notice of intention to appear.

13.    Any Stockholder who fails to comply with the requirements of Paragraphs 10-12 shall waive and forfeit any and all rights he, she or it may have to appear separately or object. Stockholders do not need to appear at the hearing or take any other action to indicate their approval.

14.    Plaintiffs' Counsel and BP's Counsel are directed promptly to furnish each other with copies of any and all objections that are served upon them or otherwise come into their possession. All papers in support of the Settlement Agreement, including attorneys' fees and expenses, shall be filed and served seven calendar days before the Fairness Hearing.

15.    In the event that the Settlement Agreement is not fully and finally approved or does not become effective, then: (i) the Settlement Agreement shall be null and void and shall have no force or effect and neither the Settlement Agreement nor any provision contained in the Settlement Agreement nor any action undertaken pursuant to the Settlement Agreement nor the negotiation of the Settlement Agreement by any party shall be deemed an admission or offered or received in evidence at any proceeding in this

Action, the Related Derivative Action or any other action or proceeding; and (ii) the Settlement Agreement, all of its provisions and all negotiations, statements and proceedings relating to it shall be without prejudice to the rights of Plaintiffs, the Nominal Defendants or the Individual Defendants, all of whom shall be restored to their respective positions existing immediately before the execution of the Settlement Agreement.

16.    In no event shall the Settlement Agreement, this Order, the Final Judgment, any of the Settlement Agreement's provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action or any judicial, administrative, regulatory or other proceeding, except (i) in a proceeding to enforce the Settlement Agreement; or (ii) in any subsequent action brought against any of the Releasees or any member of the BP Group in order to support a defense or counterclaim of the Releasees or any member of the BP Group of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim or issue preclusion or similar defense or counterclaim. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Nominal Defendants and Individual Defendants, or as a waiver by the Plaintiffs,

Nominal Defendants or Individual Defendants of any applicable defense, claim, cause of action or remedy.

17.    The Court may adjourn the Fairness Hearing or any adjournment of the Fairness Hearing without further notice other than by announcement at the Fairness Hearing or at any adjournment of the Fairness Hearing, to any persons or entities other than the Parties to this Action.

18.    The Court may approve the Settlement Agreement and enter the Final Judgment after the Fairness Hearing or any adjournment of the Fairness Hearing, with or without modification, and dismiss the Amended Complaint on the merits and with prejudice with or without further notice to any persons or entities other than the Parties to this Action.

19.    This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement, including a determination if the settlement should be approved as fair, reasonable and adequate.

IT IS SO ORDERED.

ENTERED this _____ day of _____, 2008.

JACK W. SMITH
Superior Court Judge

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re:                                      )
                                            )
BP P.L.C. DERIVATIVE LITIGATION             )       Lead Case No. 3AN-06-11929 CI
                                            )
_____)

## EXHIBIT C
## TO STIPULATION OF SETTLEMENT

Howard S. Trickey                           Jeffrey M. Feldman
ALASKA BAR No 7610138                       ALASKA BAR No. 7605029
JERMAIN DUNNAGAN & OWENS, PC                FELDMAN ORLANSKY & SANDERS
300 A Street, Suite 300                     500 L Street, Suite 400
Anchorage, Alaska 99503                     Anchorage, Alaska  99501
(907) 563-8844                              (907) 272-3538

Patrick J. Coughlin                         John L. Warden
Darren J. Robbins                           Richard C. Pepperman, II
Mary K. Blasy                               Steven J. Purcell
*Pro Hac Vice*                              D. Andrew Pietro
COUGHLIN STOIA GELLER                       *Pro Hac Vice*
  RUDMAN & ROBBINS LLP                      SULLIVAN & CROMWELL LLP
655 West Broadway, Suite 1900               125 Broad Street
San Diego, California 92101                 New York, New York  10004
(619) 231-1058                              (212) 558-4000

*Counsel for Respondents*                   *Counsel for all Petitioners*
                                              *except Richard Woollam*


                                            James E. Torgerson
                                            ALASKA BAR No. 85090120
                                            HELLER EHRMAN LLP
                                            510 L Street, Suite 500
                                            Anchorage, Alaska  99501
                                            (907) 263-8404

                                            *Counsel for Petitioner*
                                              *Richard Woollam*

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| In re: | ) |
| | ) |
| BP P.L.C. DERIVATIVE LITIGATION | )    Lead Case No. 3AN-06-11929 CI |
| | ) |
| _____ | ) |

**NOTICE OF SETTLEMENT OF DERIVATIVE ACTION, SETTLEMENT
FAIRNESS HEARING AND RIGHT TO APPEAR OR OBJECT**

**TO:    ALL PERSONS OR ENTITIES WHO HOLD OR BENEFICIALLY OWN,
DIRECTLY OR INDIRECTLY, COMMON STOCK, AMERICAN
DEPOSITORY SHARES OR OTHER EQUITY SECURITIES OF BP p.l.c.
("BP") AS OF _____ __, 20__ (THE DATE OF THE HEARING
ORDER)**

YOU ARE HEREBY NOTIFIED that a hearing will be held before the Superior
Court for the State of Alaska, Third Judicial District at Anchorage (the "Court"), at 825
W. 4th Avenue, Anchorage, Alaska 99501-2004, on _____ __, 20__ at
_____ __.m. (the "Fairness Hearing") to determine:  (1) whether the proposed Stipulation
Of Settlement ("Settlement Agreement") of the above-captioned Derivative Action
should be approved by the Court as fair, just, reasonable and adequate; (2) whether the
Plaintiffs fairly and adequately represent the similarly situated Stockholders in enforcing
the rights of the Companies, as defined below; and (3) whether the Derivative Action
should be dismissed with prejudice.

- The Settlement Agreement will provide that BP will take such steps as necessary
  to adopt and implement the Additional Corporate Governance Terms outlined in
  Exhibit A of the Settlement Agreement, which may be obtained at www.bp.com or
  www.csgrr.com.

- The Settlement Agreement resolves a derivative lawsuit filed on behalf of BP, BP
  America Inc., The Standard Oil Company and BP Exploration (Alaska) Inc. (the
  "Companies") by certain Stockholders of BP over whether the named individual
  defendants breached their fiduciary duties to the Companies and wasted the
  Companies' corporate assets.

*In re: BP p.l.c. Derivative Litigation*                                          Case No. 3AN-06-11929 CI
Notice Of Settlement Of Derivative Action, Settlement Fairness Hearing,
And Right to Appear And Object                                              Page 1 of 4

- If the Settlement Agreement is approved, your legal rights as a Stockholder will be affected whether you act or do not act.  Read this Notice carefully.

Statement of Background of the Case

Plaintiffs, owners of equity securities in BP, filed the Action derivatively on behalf of the Companies against certain current and former directors, officers and employees of the Companies for alleged damages caused by the individual defendants to the Companies in connection with the 2005 explosion at the Texas City oil refinery, the 2006 Prudhoe Bay oil spills and temporary shutdown, certain commodities trading activity from 2002 to 2004, the acquisition of certain Russian assets and damage to the Thunder Horse oil platform in the Gulf of Mexico.  BP disagrees with Plaintiffs on a number of legal and factual issues relating to Plaintiffs' ability to bring and maintain a derivative claim on behalf of the Companies, and the Companies deny Plaintiffs' allegations of wrongdoing or liability.

Reason for the Settlement Agreement

The principal reason for the Settlement Agreement is the benefit to be provided to the Companies now in the form of the Additional Corporate Governance Terms that BP will adopt and implement as a result of the settlement.  This benefit must be compared to the costs to the Companies of litigation and the risk that no recovery might be achieved after a pending appeal, which could terminate this Action and, if it did not, after a contested trial and likely appeals, possibly years into the future.

Statement of Attorneys' Fees and Costs

As a unitary part of the Settlement Agreeemnt and in recognition of the benefits provided to the Companies and the Stockholders as a result of the Action, BP agrees to pay Plaintiffs' Counsel the sum of $9.75 million as and for their attorneys' fees, plus their actual costs and expenses, subject to court approval.

Right to Object to the Settlement Agreement

If you are a Stockholder, you can object to the proposed Settlement Agreement if you do not like any part of it.  You can give reasons why you think the Court should not approve the Settlement Agreement, and the Court will consider your views.  To object to the proposed Settlement Agreement, you must send a signed letter stating that you object to the proposed Settlement Agreement in *In re BP p.l.c. Derivative Litigation*, Lead Case No. 3AN-06-11929 CI.  Your objection must include your name, address and telephone number, list how many and what type of BP's securities you currently hold and should state the specific reasons, if any, for each such objection you make.  Mail your objection to each of the addresses listed below, postmarked no later than _____ __, 20__.  You may object either on your own or through an attorney hired at your own expense.  If

*In re: BP p.l.c. Derivative Litigation*                                                    Case No. 3AN-06-11929 CI
Notice Of Settlement Of Derivative Action, Settlement Fairness Hearing,
And Right to Appear And Object                                                              Page 2 of 4

you hire an attorney, your attorney must file a notice of appearance with the Court and provide counsel for the parties with copies of the notice at the below addresses no later than _____ __, 20__. You or an attorney retained by you may, but is not required to, appear at the Fairness Hearing. If you or an attorney intends to appear at the Fairness Hearing, you or your attorney must file a notice of intent to appear with the Court and provide copies to counsel for the parties at the below addresses no later than _____ __, 20__. All objections and notices should be filed with the Court or provided to counsel for the parties at the following addresses:

| COURT | PLAINTIFFS' COUNSEL | BP'S COUNSEL |
|---|---|---|
| Clerk of the Court<br>Superior Court for the State of<br>Alaska, Third Judicial District<br>825 W. 4th Avenue<br>Anchorage, Alaska 99501 | Patrick J. Coughlin<br>Coughlin Stoia Geller Rudman &<br>Robbins LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br><br>and<br><br>Howard S. Trickey<br>Jermain Dunnagan &<br>Owens, P.C.<br>3000 A Street, Suite 300<br>Anchorage, AK 99503 | John L. Warden<br>Sullivan & Cromwell LLP<br>125 Broad Street<br>New York, NY 10004<br><br>and<br><br>Jeffrey M. Feldman<br>Feldman Orlansky & Sanders<br>500 L Street, Suite 400<br>Anchorage, AK 99501 |

Further Information

Further information regarding the Action and this Notice, including copies of the Settlement Agreement and accompanying exhibits, may be obtained by contacting a representative of Plaintiffs' Counsel: Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, Telephone: (619) 231-1058.

Effect of Court Approval of the Settlement Agreement

If the Settlement Agreement is approved by the Court, the Court will enter a Final Judgment that, among other things, will provide that Plaintiffs, BP and all members of the BP Group shall release and discharge the individual defendants consistent with the terms of the Release contained in the Settlement Agreement. It is the intent of the parties to the Action that the Settlement Agreement, if approved, shall extinguish for all time all rights, claims and causes of action that are or relate to such claims against the Releasees. The Court will dismiss the Action with prejudice on the merits with respect to all Releasees.

*In re: BP p.l.c. Derivative Litigation*
Notice Of Settlement Of Derivative Action, Settlement Fairness Hearing,
And Right to Appear And Object

Case No. 3AN-06-11929 CI

Page 3 of 4

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____

By Order of the Superior Court for the State of Alaska, Third Judicial District at Anchorage

*In re: BP p.l.c. Derivative Litigation*
Notice Of Settlement Of Derivative Action, Settlement Fairness Hearing, And Right to Appear And Object

Case No. 3AN-06-11929 CI

Page 4 of 4

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

In re:                                          )
                                                )
BP P.L.C. DERIVATIVE LITIGATION                 )       Lead Case No. 3AN-06-11929 CI
                                                )
_____ )

## EXHIBIT D
## TO STIPULATION OF SETTLEMENT

Howard S. Trickey
ALASKA BAR NO 7610138
JERMAIN DUNNAGAN & OWENS, PC
300 A Street, Suite 300
Anchorage, Alaska 99503
(907) 563-8844

Patrick J. Coughlin
Darren J. Robbins
Mary K. Blasy
*Pro Hac Vice*
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101
(619) 231-1058

*Counsel for Respondents*

Jeffrey M. Feldman
ALASKA BAR NO. 7605029
FELDMAN ORLANSKY & SANDERS
500 L Street, Suite 400
Anchorage, Alaska  99501
(907) 272-3538

John L. Warden
Richard C. Pepperman, II
Steven J. Purcell
D. Andrew Pietro
*Pro Hac Vice*
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000

*Counsel for all Petitioners
  except Richard Woollam*

James E. Torgerson
ALASKA BAR NO. 85090120
HELLER EHRMAN LLP
510 L Street, Suite 500
Anchorage, Alaska  99501
(907) 263-8404

*Counsel for Petitioner
  Richard Woollam*

FELDMAN ORLANSKY
& SANDERS
500 L STREET
FOURTH FLOOR
ANCHORAGE, AK
99501
TEL: 907.272.3538
FAX: 907.274.0819

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| BP P.L.C. DERIVATIVE LITIGATION | )   Lead Case No. 3AN-06-11929 CI |
|  | ) |
| _____ | ) |

## FINAL JUDGMENT

*Whereas*, on February 1, 2008, the Parties entered into a Stipulation of Settlement ("Settlement Agreement") of the above-captioned action (the "Action"), which (together with all of its exhibits) is fully and entirely incorporated herein by reference; and

*Whereas*, the Court entered on _____, 2008 an Order Preliminarily Approving Settlement, Directing Notice to Stockholders and Setting Hearing to Approve Settlement of _____, 2008 (the "Hearing Order"), preliminarily finding that the proposed settlement is sufficient to warrant publishing the Notice to Stockholders, ordering publication of the Notice to Stockholders, scheduling a Fairness Hearing and providing those persons identified as Stockholders with an opportunity to object to the proposed settlement; and

*Whereas*, this Court held a Fairness Hearing on _____, 2008, pursuant to the Court's Hearing Order; it appearing that due notice of such hearing has been given in accordance with the Hearing Order (the "Notice"); the Court having heard and

considered submissions in support of the proposed Settlement Agreement; the respective parties to the Settlement Agreement having appeared and been heard through their attorneys of record at the hearing; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Hearing Order; the Court having determined that notice of the Settlement Agreement provided pursuant to the Hearing Order was adequate and sufficient; the Court having made an express determination that there is no just reason for delay in entering Final Judgment as to the Nominal Defendants and the Individual Defendants in accordance with the terms of the Settlement Agreement and the entire matter of the proposed Settlement Agreement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED this _____ day of _____, 2008 as follows:

1.     Unless otherwise defined in this Final Judgment, the capitalized terms in the Final Judgment have the same meaning as they have in the Settlement Agreement.

2.     Plaintiffs have held equity securities of BP continuously since the commencement of this Action and have prosecuted this Action on behalf of BP, the other Nominal Defendants and the Stockholders.

3.     This Court has jurisdiction to approve the Settlement Agreement.

4.     The requirements undertaken by BP pursuant to Sections III.A-III.E of the Settlement Agreement shall become effective on the Approval Date and shall continue in full force and effect for three years thereafter, at the conclusion of which they shall expire and BP shall have no further obligations under such Sections.

5.     The Settlement Agreement and the proposed settlement are approved as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of Alaska and United States law, including the due process clauses of the Alaska and United States Constitutions, the Alaska Rules of Civil Procedure, the Rules of this Court and any other applicable law and are in the best interests of BP, the other Nominal Defendants and the Stockholders.

6.     Upon the Effective Date, the Court's decision of May 17, 2007 is vacated as moot.

7.     The Court directs the Nominal Defendants and Individual Defendants, upon the Effective Date, to dismiss as moot their Petitioner For Review from the Court's decision of May 17, 2007.

8.     The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9.     The Settlement Agreement is binding on—and, as to all claims and issues that have or could have been raised in this Action, has *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings in any jurisdiction maintained by or on behalf of—the Parties and the Stockholders, as well as their past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates, including any person or entity controlled by, controlling or under common control with them.

*In re: BP p.l.c. Derivative Litigation*                    Case No. 3AN-06-11929 CI
Final Judgment                                               Page 3 of 13

10. BP has filed with the Court proof of publishing the Notice consistent with the directive in the Hearing Order. The Court finds that the Notice provided to the Stockholders pursuant to and in the manner directed by the Hearing Order (i) was reasonably calculated, under the circumstances, fully and accurately to inform the Stockholders of all material elements of the Action, the proposed Settlement Agreement, their right to object to the proposed Settlement Agreement and their right to appear and be heard in connection with the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement; and (ii) constituted valid, due and sufficient notice to all of the Stockholders in this Action and satisfied the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions and any other applicable law.

11. Plaintiffs' Counsel and Plaintiffs brought the Action in good faith and have adequately represented the interests of BP, the other Nominal Defendants and the Stockholders for purposes of entering into and implementing the Settlement Agreement.

12. The text of the Release is expressly incorporated in all respects and in its entirety and forever discharges the Releasees from any claims or liabilities arising from or relating to the matters covered by the Release as follows:

a. Plaintiffs, the Stockholders and the BP Group hereby release and discharge the Releasees from and shall not now or hereafter institute, participate in, maintain, maintain a right to or assert against the Releasees, either directly or indirectly, derivatively, on their own behalf or on behalf of any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief,

interest, demands or rights, including, without limitation, claims for rescission, restitution, unjust enrichment or all damages of any kind, including those in excess of actual damages, whether based on federal, state, local or foreign law, statute, ordinance, regulation, contract, common law or any other source, that have been, could have been or might hereafter be alleged or asserted by Plaintiffs or any member of the BP Group against the Releasees in this Action, the Related Derivative Action or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicatory body that relate in any way, directly or indirectly, to the allegations contained in the Amended Complaint or in any of the complaints filed in the Related Derivative Action, including, without limitation:

(1) All claims related to breach of fiduciary duty or waste of corporate assets arising out of or related to the 2005 explosion at the Texas City oil refinery, the 2006 Prudhoe Bay oil spills and temporary shutdown, certain commodities trading activity, the acquisition of certain Russian assets and damage to the Thunder Horse oil platform in the Gulf of Mexico;

(2) Any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations that have been, may be or could be directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the Related Derivative Action;

(3) The salaries, bonuses and termination or other payments made to the Nominal Defendants' present and former executives or directors (i) at any time before the date on which the Release becomes effective; or (ii) if paid pursuant to an

obligation entered into by any member of the BP Group before the date on which the Release becomes effective, then at any future time;

(4)     The Board's supervision and oversight of the BP Group's management and affairs through the Effective Date;

(5)     All claims relating in any way, directly or indirectly, to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with the Settlement Agreement or the settlement of this Action (including, without limitation, all claims respecting the negotiation and execution of the Agreement);

(6)     Except as provided in the Settlement Agreement, any and all claims for attorneys' fees, expert witness fees or other costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs in this Action or by Plaintiffs in this Action in connection with or in any way related to this Action or the settlement of this Action; and

(7)     Any breaches of fiduciary duty (or other duty placed upon corporate directors and officers by common law or statute) or obligations under federal, state or foreign law.

b.     Notwithstanding any other provision of this Section, nothing in the Release shall be deemed to release the claims currently pending in the Class Actions or preclude Plaintiffs or Stockholders who are members of any certified class in the Class Actions from participating in any relief awarded in the Class Actions.

c.    Notwithstanding any other provision of this Section, nothing in the Release shall be deemed to release claims unrelated to the subject matter of this Action, if any, that any member of the BP Group may have against any Releasee who files, commences, prosecutes, intervenes in or otherwise participates as an adversary in any action or proceeding against any member of the BP Group or who asserts any claims (including for contribution or indemnity) against any member of the BP Group in any action or proceeding.

d.    Plaintiffs and BP expressly understand that principles of law in some jurisdictions, such as Section 1542 of the Civil Code of the State of California, provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, must have materially affected his settlement with the debtor. To the extent that, as a result of or notwithstanding the choice of law provisions in the Settlement Agreement, California or other law may be applicable, Plaintiffs and BP expressly waive, with respect to Releasees, all rights afforded by Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein, and Plaintiffs and BP hereby agree and acknowledge that this is an essential term of the Release. Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO
> CLAIMS WHICH THE CREDITOR DOES NOT KNOW
> OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
> THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE
> DEBTOR.

Notwithstanding the provisions of Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein and for the purpose of implementing a full and complete release, Plaintiffs and BP understand and agree that the Release is intended to include all claims, if any, which Plaintiffs or any member of the BP Group may have and which Plaintiffs or any member of the BP Group do not now know or suspect to exist in their favor against the Releasees, and that the Release extinguishes those claims. The Parties acknowledge, and the Stockholders are deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of this Release.

   e.      In connection with the Release, Plaintiffs and the BP Group acknowledge that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Plaintiffs and BP in executing the Release fully, finally and forever to settle and release all such matters and all claims relating thereto that exist, hereafter may exist or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the matters released.

   f.      Nothing in the Release shall preclude any action to enforce the terms of the Settlement Agreement.

   g.      Notwithstanding any other provision of this Section, nothing in the Release shall preclude any action by any member of the BP Group against any of the Individual Defendants or other Releasees to: (i) enforce the provisions of any severance

or related compromise agreement between any member of the BP Group and an Individual Defendant that require the Individual Defendant to cooperate with the BP Group and relevant governmental authorities; or (ii) recover attorneys' fees and other expenses advanced to an Individual Defendant if that Individual Defendant is ultimately determined not to have met the applicable standards for indemnification under relevant law.

13.   Upon the Effective Date, each of the Releasees shall be deemed to have been released, relinquished and discharged and by operation of the Final Judgment shall fully, finally and forever release, relinquish and discharge each of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Action and the Release set forth in Paragraph 12 above.

14.   The Court hereby permanently bars and enjoins Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; *provided, however*, that nothing in the

Settlement Agreement shall preclude the Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions.

15.    The terms and provisions of the Settlement Agreement and all exhibits attached to the Settlement Agreement may be amended, modified or expanded by agreement of the Parties and approval of the Court; *provided, however*, that the Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement as (i) are consistent with this Final Judgment; and (ii) do not limit the rights of Plaintiffs, the BP Group, the Stockholders or the Individual Defendants under the Settlement Agreement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16.    The claims in this Action are dismissed on the merits and with prejudice according to the terms (including the releases) set forth in the Settlement Agreement, without costs to any party except as provided therein.

17.    The Settlement Agreement, the Hearing Order, this Final Judgment, any of the Settlement Agreement's provisions or any negotiations, statements or court proceedings relating to its provisions in any way:

a.    Shall not be offered or received against any of the Nominal Defendants or Individual Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Nominal Defendants

or Individual Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or of any liability, negligence, fault or wrongdoing of the Nominal Defendants or Individual Defendants;

b.      Shall not be offered or received against any of the Nominal Defendants or Individual Defendants as evidence of a presumption, concession or admission of fault, misrepresentation or omission with respect to any statement or written document approved or made by any Nominal Defendant or Individual Defendant; and

c.      Shall not be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action or any judicial, administrative, regulatory or other proceeding, except (i) in a proceeding to enforce the Settlement Agreement; or (ii) in any subsequent action brought against any of the Releasees or any member of the BP Group in order to support a defense or counterclaim of the Releasees or any member of the BP Group *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim or issue preclusion or similar defense or counterclaim.  Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Nominal Defendants and

Individual Defendants, or as a waiver by the Plaintiffs, Nominal Defendants or Individual Defendants of any applicable defense, claim, cause of action or remedy.

18.   Without affecting the finality of this Final Judgment for purposes of appeal, the Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and all exhibits attached to the Settlement Agreement and Final Judgment for any other necessary purpose; *provided, however*, that nothing in this subsection shall restrict the ability of the Parties to exercise their rights under paragraph 15.

19.   Plaintiffs' Counsel is hereby awarded $_____ in fees and $_____ in expenses, which sum the Court finds to be fair and reasonable and a recognition of the benefits provided to BP and the other Nominal Defendants as a result of the prosecution and settlement of the Action.

20.   Neither the Nominal Defendants nor Individual Defendants nor any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates shall be liable for or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, the Settlement Agreement or the proposed settlement, other than as expressly provided for in the Settlement Agreement.

FINAL JUDGMENT is hereby entered with respect to the Nominal Defendants and Individual Defendants in accordance with Alaska Rule of Civil Procedure 58 this _____ day of _____, 2008.

JACK W. SMITH
Superior Court Judge

# EXHIBIT 2

JERMAIN DUNNAGAN & OWENS, P.C.
HOWARD S. TRICKEY
Alaska Bar No. 7610138
3000 A Street, Suite 300
Anchorage, AK  99503
Telephone:  907/563-8844
907/563-7322 (fax)

Liaison Counsel

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| In re BP P.L.C. DERIVATIVE LITIGATION | ) ) ) | Lead Case No. 3AN-06-11929CI FINAL JUDGMENT |



APR , 5 2008

LAW OFFICES OF
JERMAIN DUNNAGAN & OWENS
A PROFESSIONAL CORPORATION
3000 A STREET, SUITE 300
ANCHORAGE, ALASKA 99503
(907) 563-8844
FAX (907) 563-7322

5-7-08

WHEREAS, on February 1, 2008, the Parties entered into a Stipulation of Settlement ("Settlement Agreement") of the above-captioned action (the "Action"), which (together with all of its exhibits) is fully and entirely incorporated herein by reference; and

WHEREAS, the Court entered on February 5, 2008 an Order Preliminarily Approving Settlement, Directing Notice to Stockholders and Setting Hearing for Final Approval of the Settlement of February 1, 2008 (the "Hearing Order"), preliminarily finding that the proposed settlement is sufficient to warrant publishing the Notice to Stockholders, ordering publication of the Notice to Stockholders, scheduling a Fairness Hearing and providing those persons identified as Stockholders with an opportunity to object to the proposed settlement; and

WHEREAS, this Court held a Fairness Hearing on May 7, 2008, pursuant to the Court's Hearing Order; it appearing that due notice of such hearing has been given in accordance with the Hearing Order (the "Notice"); the Court having heard and considered submissions in support of the proposed Settlement Agreement; the respective parties to the Settlement Agreement having appeared and been heard through their attorneys of record at the hearing; an opportunity to be heard having been given to all other persons or entities requesting to be heard in accordance with the Hearing Order; the Court having determined that notice of the Settlement Agreement provided pursuant to the Hearing Order was adequate and sufficient; the Court having made an express determination that there is no just reason for delay in entering Final Judgment as to the Nominal Defendants and the Individual Defendants in accordance with the terms of the Settlement Agreement and the entire matter of the proposed Settlement Agreement having been heard and considered by the Court;

FINAL JUDGMENT                                                                                    1 of 12
In re BP P.L.C. DERIVATIVE LITIGATION - Lead Case No. 3AN-06-11929CI



IT IS HEREBY ORDERED, ADJUDGED AND DECREED this ___7 +h___ day of

_____*May*_____, 2008 as follows:

1.      Unless otherwise defined in this Final Judgment, the capitalized terms in this Final Judgment have the same meaning as they have in the Settlement Agreement.

2.      Plaintiffs have held equity securities of BP continuously since the commencement of this Action and have prosecuted this Action on behalf of BP, the other Nominal Defendants and the Stockholders.

3.      This Court has jurisdiction to approve the Settlement Agreement.

4.      The requirements undertaken by BP pursuant to Sections III.A-III.E of the Settlement Agreement shall become effective on the Approval Date and shall continue in full force and effect for three years thereafter, at the conclusion of which they shall expire and BP shall have no further obligations under such Sections.

5.      The Settlement Agreement and the proposed settlement are approved as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of Alaska and United States law, including the due process clauses of the Alaska and United States Constitutions, the Alaska Rules of Civil Procedure, the Rules of this Court and any other applicable law and are in the best interests of BP, the other Nominal Defendants and the Stockholders.

6.      Upon the Effective Date, the Court's decision of May 17, 2007 is vacated as moot.

7.      The Court directs the Nominal Defendants and Individual Defendants, upon the Effective Date, to dismiss as moot their appeal from the Court's decision of May 17, 2007.



8.     The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and provisions.

9.     The Settlement Agreement is binding on – and, as to all claims and issues that have or could have been raised in this Action, has *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings in any jurisdiction maintained by or on behalf of – the Parties and the Stockholders, as well as their past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates, including any person or entity controlled by, controlling or under common control with them.

10.     BP has filed with the Court proof of publishing the Notice consistent with the directive in the Hearing Order. The Court finds that the Notice provided to the Stockholders pursuant to and in the manner directed by the Hearing Order (i) was reasonably calculated, under the circumstances, fully and accurately to inform the Stockholders of all material elements of the Action, the proposed Settlement Agreement, their right to object to the proposed Settlement Agreement and their right to appear and be heard in connection with the Court's consideration of the fairness, reasonableness and adequacy of the Settlement Agreement; and (ii) constituted valid, due and sufficient notice to all of the Stockholders in this Action and satisfied the requirements of the Alaska Rules of Civil Procedure (including Rule 23.1), the due process clauses of the Alaska and United States Constitutions and any other applicable law.



11.   Plaintiffs' Counsel and Plaintiffs brought the Action in good faith and have adequately represented the interests of BP, the other Nominal Defendants and the Stockholders for purposes of entering into and implementing the settlement.

12.   The text of the Release is expressly incorporated in all respects and in its entirety and forever discharges the Releasees from any claims or liabilities arising from or relating to the matters covered by the Release as follows:

(a)   Plaintiffs, the Stockholders and the BP Group hereby release and discharge the Releasees from and shall not now or hereafter institute, participate in, maintain, maintain a right to or assert against the Releasees, either directly or indirectly, derivatively, on their own behalf or on behalf of any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for rescission, restitution, unjust enrichment or all damages of any kind, including those in excess of actual damages, whether based on federal, state, local or foreign law, statute, ordinance, regulation, contract, common law or any other source, that have been, could have been or might hereafter be alleged or asserted by Plaintiffs or any member of the BP Group against the Releasees in this Action, the Related Derivative Action or in any other court action or before any administrative body, tribunal, arbitration panel or other adjudicatory body that relate in any way, directly or indirectly, to the allegations contained in the Complaint or in any of the complaints filed in the Related Derivative Action, including, without limitation:

(i)   All claims related to breach of fiduciary duty or waste of corporate assets arising out of or related to the 2005 explosion at the Texas City oil refinery,

the 2006 Prudhoe Bay oil spills and temporary shutdown, certain commodities trading activity, the acquisition of certain Russian assets and damage to the Thunder Horse oil platform in the Gulf of Mexico;

        (ii)     Any or all of the acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations that have been, may be or could be directly or indirectly alleged, asserted, described, set forth or referred to in this Action or the Related Derivative Action;

        (iii)    The salaries, bonuses and termination or other payments made to the Nominal Defendants' present and former executives or directors (i) at any time before the date on which the Release becomes effective; or (ii) if paid pursuant to an obligation entered into by any member of the BP Group before the date on which the Release becomes effective, then at any future time;

        (iv)    The Board's supervision and oversight of the BP Group's management and affairs through the Effective Date;

        (v)     All claims relating in any way, directly or indirectly, to any or all acts, omissions, nondisclosures, facts, matters, transactions, occurrences or oral or written statements or representations in connection with the Settlement Agreement or the settlement of this Action (including, without limitation, all claims respecting the negotiation and execution of the Agreement);

        (vi)    Except as provided in the Settlement Agreement, any and all claims for attorneys' fees, expert witness fees or other costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs in this Action or by Plaintiffs

 

in this Action in connection with or in any way related to this Action or the settlement of this Action; and

(vii)   Any breaches of fiduciary duty (or other duty placed upon corporate directors and officers by common law or statute) or obligations under federal, state or foreign law.

(b)      Notwithstanding any other provision of this Section, nothing in the Release shall be deemed to release the claims currently pending in the Class Actions or preclude Plaintiffs or Stockholders who are members of any certified class in the Class Actions from participating in any relief awarded in the Class Actions.

(c)      Notwithstanding any other provision of this Section, nothing in the Release shall be deemed to release claims unrelated to the subject matter of this Action, if any, that any member of the BP Group may have against any Releasee who files, commences, prosecutes, intervenes in or otherwise participates as an adversary in any action or proceeding against any member of the BP Group or who asserts any claims (including for contribution or indemnity) against any member of the BP Group in any action or proceeding.

(d)      Plaintiffs and BP expressly understand that principles of law in some jurisdictions, such as Section 1542 of the Civil Code of the State of California, provide that a general release does not extend to claims that a creditor does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, must have materially affected his settlement with the debtor. To the extent that, as a result of or notwithstanding the choice of law provisions in the Settlement Agreement, California or other law may be applicable, Plaintiffs and BP expressly waive, with respect to Releasees, all

rights afforded by Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein, and Plaintiffs and BP hereby agree and acknowledge that this is an essential term of the Release. Section 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Notwithstanding the provisions of Section 1542 and all similar federal, state or foreign laws, rights, rules or legal principles which may be applicable herein and for the purpose of implementing a full and complete release, Plaintiffs and BP understand and agree that the Release is intended to include all claims, if any, which Plaintiffs or any member of the BP Group may have and which Plaintiffs or any member of the BP Group do not now know or suspect to exist in their favor against the Releasees, and that the Release extinguishes those claims. The Parties acknowledge, and the Stockholders are deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of this Release.

(e) In connection with the Release, Plaintiffs and the BP Group acknowledge that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be true with respect to the matters released herein. Nevertheless, it is the intention of Plaintiffs and BP in executing the Release fully, finally and forever to settle and release all such matters and all claims relating thereto that exist, hereafter may exist or might have existed (whether or not

previously or currently asserted in any action or proceeding) with respect to the matters released.

(f)     Nothing in the Release shall preclude any action to enforce the terms of the Settlement Agreement.

(g)     Notwithstanding any other provision of this Section, nothing in the Release shall preclude any action by any member of the BP Group against any of the Individual Defendants or other Releasees to: (i) enforce the provisions of any severance or related compromise agreement between any member of the BP Group and an Individual Defendant that require the Individual Defendant to cooperate with the BP Group and relevant governmental authorities; or (ii) recover attorneys' fees and other expenses advanced to an Individual Defendant if that Individual Defendant is ultimately determined not to have met the applicable standards for indemnification under relevant law.

13.     Upon the Effective Date, each of the Releasees shall be deemed to have been released, relinquished and discharged and by operation of this Final Judgment shall fully, finally and forever release, relinquish and discharge each of the Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to or in connection with the institution, prosecution, assertion, settlement or resolution of the Action and the Release set forth in Paragraph 12 above.

14.     The Court hereby permanently bars and enjoins Plaintiffs, the Stockholders and the BP Group (whether acting on any member's own behalf or by and through the Stockholders) or any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors,

insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates from filing, commencing, prosecuting, intervening in, participating in (as a nominal defendant or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order against the Releasees in any jurisdiction based on or relating to the claims and causes of action that are released by the Settlement Agreement; *provided, however*, that nothing in the Settlement Agreement shall preclude the Stockholders or members of the alleged class in the Class Actions from participating in the Class Actions or receiving or participating in relief, if any, awarded in the Class Actions.

15.     The terms and provisions of the Settlement Agreement and all exhibits attached to the Settlement Agreement may be amended, modified or expanded by agreement of the Parties and approval of the Court; *provided, however*, that the Parties are authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and all exhibits attached to the Settlement Agreement as (i) are consistent with this Final Judgment; and (ii) do not limit the rights of Plaintiffs, the BP Group, the Stockholders or the Individual Defendants under the Settlement Agreement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

16.     The claims in this Action are dismissed on the merits and with prejudice according to the terms (including the releases) set forth in the Settlement Agreement, without costs to any party except as provided therein.

17.    The Settlement Agreement, the Hearing Order, this Final Judgment, any of the Settlement Agreement's provisions or any negotiations, statements or court proceedings relating to its provisions in any way:

(a)    Shall not be offered or received against any of the Nominal Defendants or Individual Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Nominal Defendants or Individual Defendants with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation or of any liability, negligence, fault or wrongdoing of the Nominal Defendants or Individual Defendants;

(b)    Shall not be offered or received against any of the Nominal Defendants or Individual Defendants as evidence of a presumption, concession or admission of fault, misrepresentation or omission with respect to any statement or written document approved or made by any Nominal Defendant or Individual Defendant; and

(c)    Shall not be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action or any judicial, administrative, regulatory or other proceeding, except (i) in a proceeding to enforce the Settlement Agreement; or (ii) in any subsequent action brought against any of the Releasees or any member of the BP Group in order to support a defense or counterclaim of the Releasees or any member of the BP Group of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit or any other theory of claim or

issue preclusion or similar defense or counterclaim. Without limiting the foregoing, neither the Settlement Agreement nor any related negotiations, statements or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Nominal Defendants and Individual Defendants, or as a waiver by the Plaintiffs, Nominal Defendants or Individual Defendants of any applicable defense, claim, cause of action or remedy.

18.     Without affecting the finality of this Final Judgment for purposes of appeal, the Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and all exhibits attached to the Settlement Agreement and Final Judgment for any other necessary purpose; *provided, however,* that nothing in this subsection shall restrict the ability of the Parties to exercise their rights under paragraph 15.

19.     Plaintiffs' Counsel is hereby awarded $9,750,000 as and for their attorney fees, plus their actual costs and expenses (including compensation of Plaintiffs' Corporate Governance Experts), which sum the Court finds to be fair and reasonable and a recognition of the benefits provided to BP and the other Nominal Defendants as a result of the prosecution and settlement of the Action.

20.     Neither the Nominal Defendants nor Individual Defendants nor any of their respective past, present and future officers, directors, partners, principals, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, trustees, parents, subsidiaries, predecessors, successors, assigns and affiliates shall be liable for or obligated to




pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, the Settlement Agreement or the proposed settlement, other than as expressly provided for in the Settlement Agreement.

FINAL JUDGMENT is hereby entered with respect to the Nominal Defendants and Individual Defendants in accordance with Alaska Rule of Civil Procedure 58 this ___7th___ day of ___May___, 2008.

_____
JACK W. SMITH
Superior Court Judge

S:\Settlement\BP Derivative.set\JUDGMENT 00050448.doc

FINAL JUDGMENT
In re BP P.L.C. DERIVATIVE LITIGATION - Lead Case No. 3AN-06-11929CI

## DECLARATION OF SERVICE BY UPS DELIVERY

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.    That on April 14, 2008, declarant served by UPS, next day delivery, the **FINAL JUDGMENT** to the parties listed on the attached Service List.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of April, 2008, at San Diego, California.

_____
YVETTE D. GRAY

I certify that on 5/7/08 a copy of the above was mailed to each of the following at their addresses of record.

_____
Secretary/Deputy Clerk

FINAL JUDGMENT
In re BP P.L.C. DERIVATIVE LITIGATION Lead Case No. 3AN-06-11929CI