UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE BP SECURITIES LITIGATION | ) | MDL NO. 2185 |
| | ) | C.A. NO. 4:10-md-2185 |
| | ) | |
| | ) | Hon. Keith P. Ellison |
| IN RE BP SHAREHOLDER DERIVATIVE LITIGATION | ) | MDL NO. 2185 |
| | ) | C.A. NO. 4:10-cv-3447 |
| | ) | |
| IN RE BP ERISA LITIGATION | ) | MDL NO. 2185 |
| | ) | C.A. NO. 4:10-cv-4214 |
| | ) | |

DEFENDANTS' RESPONSE TO PLAINTIFFS'
POST STATUS CONFERENCE ADVISORY (DOC. 156)

Defendants[1] submit this response to Plaintiffs' Post Status Conference Advisory (Doc. 156), which plaintiffs filed without conferring with defendants.[2] Defendants respectfully submit their views below on the timing of a Scheduling/Docket Control Order and identify some of the many problems raised by plaintiffs' proposal.

*Timing of a Scheduling/Docket Control Order*. As a preliminary matter, defendants respectfully submit that entry of a Scheduling/Docket Control Order should be

---

[1] This submission is made on behalf of all defendants in the three actions except State Street Bank and Trust Company. Defendants submit this response without waiver of any of their defenses, including lack of personal jurisdiction.

[2] Two days after the April 13 conference, plaintiffs sent defendants an e-mail stating that plaintiffs would send defendants a proposed schedule and attempt to reach an agreement before submitting the proposal to the Court. Plaintiffs did not send defendants a proposed schedule until May 3. Despite being told earlier this week that defendants would be able to discuss their proposal next week, plaintiffs submitted their proposed schedule to the Court without even attempting to reach an agreement with defendants.

-2-

deferred until after the Court rules on defendants' motions to dismiss.  At the very least, the Court should wait until after it rules on defendants' motions to dismiss the shareholder derivative and securities class actions, both of which will be fully briefed in the next month.  Until those motions are resolved, the parties and the Court will not know the scope of the cases to be litigated, to the extent any claims survive defendants' motions, and thus will not know the time needed for fact and expert discovery and summary judgment motions.

For example, the two securities class action complaints span 175 and 178 pages.  (*See* Docs. 112, 113.)  One complaint seeks to certify a putative class covering a more than three-year period from January 2007 to May 2010, and asserts five claims based on three different jurisdictions' laws (the federal Securities Exchange Act, English statutory and common law, and New York common law).  (Doc. 113 ¶¶ 383, 392-419.)  The other complaint chronicles a history of approximately 50 alleged "safety lapses" between February 1985 and 2010.  (Doc. 112, Ex. A ¶¶ 105-47.)  Taken together, the two complaints allege approximately 69 misstatements and omissions, and name a total of 16 individual defendants (many located around the world).  (*Id.* ¶¶ 21-34, 352-413; Doc. 113 ¶¶ 33-45, 254-356.)  As currently pled, litigation of these claims would be a massive—and, defendants submit, impractical (*see* Doc. 154 at 16-19)—undertaking.  On the other hand, if either complaint is dismissed in whole or in part, the scope of the claims and allegations remaining likely would be substantially reduced, and the schedule could reflect as much.

Plaintiffs in the shareholder derivative action seek to pursue similarly broad claims.  Their amended complaint sets forth allegations about BP's business, safety practices and management dating back to 1989.  (*See* Doc. 102 ¶ 62.)  It also recounts a host of safety incidents between 2003 and 2007 (*id.* ¶¶ 81-115), various government and other safety-related

investigations and reports (*id.* ¶¶ 116-42) and 45 alleged "red flags" that defendants purportedly ignored (*id.* ¶ 188, at 61-66). Plaintiffs seek to assert four claims against 17 individual defendants, many of whom are (like in the securities class action) located around the world. (*Id.* ¶¶31-49, 247-72.)

It is very hard to predict the ultimate scope of the ERISA action. To date, eight separate complaints have been filed, asserting at least six distinct claims against more than two dozen defendants (including four separate corporate entities, one of which is not named in the securities and derivative actions). The ERISA complaints have class periods starting as early as June 2005 and as recent as April 2010. Five of the putative classes include participants in four BP retirement savings plans, while three other classes are defined as participants in one BP plan. Lead plaintiffs have not yet even filed their amended complaint, and thus defendants' anticipated motions to dismiss are more than two months away. Although defendants believe that the Court should defer entering a Scheduling/Docket Control Order until after it rules on these motions as well, defendants recognize that the Court may not want to wait until it resolves those motions before entering a scheduling order. As a result, defendants propose that after the Court rules on their motions to dismiss the shareholder derivative and securities class actions, the parties confer on an appropriate schedule for all cases even though the parties will not know at that time which, if any, claims will remain in the ERISA action and the scope of that case.[3]

---

[3] Under the parties' stipulations, discovery in these actions is stayed until the Court decides defendants' motions to dismiss. (*See* Doc. 108, Exs. A-C.) In view of the delay in the ERISA plaintiffs' filing of an amended complaint, defendants are willing to agree that, if either the shareholder derivative or securities class action is not dismissed, discovery in the ERISA action can proceed simultaneously with that case or cases so that MDL 2185 discovery moves forward in a coordinated fashion.

The Court thus should defer entering a Scheduling/Docket Control Order in these actions until after it rules on defendants' motions to dismiss—or at least until it decides the motions to dismiss the shareholder derivative and securities class actions.  Awaiting these rulings will not result in delay of these cases.  Defendants' motions to dismiss will be fully briefed (1) on May 25 in the shareholder derivative action, and (2) on June 21 in the securities class action.  In the meantime, the parties have stipulated that plaintiffs can participate in the substantial document and deposition discovery underway in MDL 2179.  (Doc. 108, Exs. A-C.)  In defendants' view, this continues to be the most efficient way to proceed, and in any event is required by the Private Securities Litigation Reform Act ("PSLRA") in the securities action.  Plaintiffs apparently concede as much, acknowledging that document production and depositions should not go forward until after the Court rules on defendants' motions to dismiss the securities action.  (Doc. 156 at 2-3.)  In contrast, if the Court enters a Scheduling/Docket Control Order now without knowing the timing or content of its rulings on defendants' motions to dismiss, it is highly likely that the scheduling order would subsequently need to be revised substantially.

*Plaintiffs' Proposed Scheduling/Docket Control Order*.  Defendants respectfully submit that plaintiffs' proposed Scheduling/Docket Control Order (Doc. 156-1) is unrealistic and raises a host of problems.  These problems, discussed briefly below, highlight why it would be more efficient to await the Court's rulings on the motions to dismiss the shareholder derivative and securities class actions before entering a scheduling order.  If, however, the Court believes that a Scheduling/Docket Control Order should be entered now, defendants attach hereto as Exhibit A their proposed alternative schedule.  Defendants believe that their proposal is more realistic and appropriate given the current posture and scope of the cases.

-4-

1.  Under plaintiffs' proposal, discovery would conclude in April 2012 (for the derivative and securities actions) and June 2012 (for the ERISA action). (Doc. 156-1 at 3.)  Even if the parties were to commence discovery immediately—which all agree is not appropriate in view of the parties' stipulations and the PSLRA (*see* Doc. 156 at 2-3; Doc. 108, Exs. A-C)—that deadline is unrealistic.  Plaintiffs also propose that expert reports be submitted in March and May 2012, respectively, and thus the large bulk of fact discovery would need to be concluded by February and April 2012 under plaintiffs' proposal.  Given that the motions to dismiss will not be fully submitted until May, June and November 2011, there is no conceivable way that discovery on the claims asserted could be concluded on that schedule.  Plaintiffs already have requested second depositions of **28** MDL 2179 deponents and have demanded **51** categories of documents (*see* Doc. 135 at 3-4 & Exs. B, C), and now state that they ***each*** will seek to present **20-30** fact witnesses at trial (Doc. 156 at 2).  Under defendants' proposal, fact discovery largely would conclude in September 2012, so that expert discovery could proceed between October 2012 and January 2013.  Although even this schedule is ambitious in light of the discovery plaintiffs likely will demand, defendants believe that it would be workable.

2.  Plaintiffs propose that expert discovery go forward only a few months after decisions on motions to dismiss are likely. (*See* Doc. 156-1 at 2.)  This is both impractical and inefficient (particularly given that expert submissions and discovery also likely would be necessary in connection with class certification briefing that is scheduled on an overlapping but not identical schedule).  In addition, the time for defendants to serve responsive expert reports (one month) is unreasonable given the potential scope of the cases and claimed damages, and completion of expert depositions two weeks after all reports are submitted is unreasonable.

-5-

Under defendants' proposed schedule, both parties would have a reasonable amount of time to prepare expert reports and take expert depositions.[4]

3. Under plaintiffs' proposal, summary judgment motions would be due (1) one week after expert discovery ends, and (2) before (i) a decision on class certification or (ii) an opportunity to appeal under Fed. R. Civ. P. 23(f). (*See* Doc. 156-1 at 2, 4.) That is impractical and inefficient.[5] Under defendants' proposal, summary judgment motions would be briefed after a decision on class certification and after both fact and expert discovery has concluded.

4. Plaintiffs propose separate trials for the securities and derivative actions, lasting four and three weeks, respectively. (*See* Doc. 156 at 1-2; Doc 156-1 at 1.) Although plaintiffs' submission states that they "support consecutive trials for the three actions, separated by 6-8 weeks each" (Doc. 156 at 2), plaintiffs' proposed order schedules the trials of the securities and derivative actions to start at the same time—July 30, 2012. (*See* Doc. 156-1 at 4.) Moreover, plaintiffs propose trial dates before it reasonably would be possible for (1) decisions on class certification, (2) an opportunity to appeal any certified class under Rule 23(f), and (3) decisions on summary judgment. In contrast, defendants propose that the first trial commence in October 2013, and that each subsequent trial begin 60 days after the last trial concludes (which is itself ambitious, given post-trial briefing and witness scheduling).

---

[4] Plaintiffs' proposal on class certification briefing (*see* Doc. 156-1 at 2) is similarly impractical, because expert submissions and discovery are almost always required for class certification in securities cases and frequently in ERISA cases. Defendants' proposal cures this problem.

[5] Plaintiffs' proposed date for pretrial motions and motions *in limine* also likely would be before decisions on summary judgment. (*See* Doc. 156-1 at 4.) Defendants left this proposed date blank as per the Court's usual procedure.

## CONCLUSION

Defendants respectfully submit that the Court await its decisions on the motions to dismiss before entering a Scheduling/Docket Control Order. At the very least, it should wait until it decides the motions to dismiss the shareholder derivative and securities class actions. If, however, the Court is inclined to enter a Scheduling/Docket Control Order now, defendants request that the Court enter their proposed order attached as Exhibit A hereto.

Dated: May 16, 2011
      Houston, Texas

Respectfully submitted,

   *s/ Thomas W. Taylor*
Thomas W. Taylor
State Bar No. 19723875
S.D. No. 3906
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, TX  77002
Telephone:  (713) 220-4200

*Attorneys for All Defendants Except State Street Bank and Trust Company*

OF COUNSEL:

Daryl A. Libow (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC  20006
Telephone:  (202) 956-7500

Richard C. Pepperman, II (*pro hac vice*)
Marc De Leeuw (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY  10004
Telephone:  (212) 558-4000

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing Response has been served by electronic CM/ECF filing, on this 16th day of May, 2011.

                                                *s/Thomas W. Taylor*
                                                Thomas W. Taylor