COPY
JASON E MURRAY
CLERK DISTRICT COURT
FILED
AUG 0 4 2011

13

CAUSE NO. 09 CV 1352　　　GALVESTON COUNTY, TEXAS

| | |
|---|---|
| NANCY GOLDSTEIN, derivatively on behalf of BP p.l.c., <br><br>　　　　Plaintiff, <br><br>vs. <br><br>IAIN C. CONN, BYRON E. GROTE, ANTHONY B. HAYWARD, ANDREW G. INGLIS, ANTONY BURGMANS, CYNTHIA B. CARROLL, WILLIAM M. CASTELL, GEORGE DAVID, ERROLL B. DAVIS, JR., DOUGLAS J. FLINT, DEANNE S. JULIUS, TOM MCKILLOP, IAN M.G. PROSSER, PETER D. SUTHERLAND, DAVID C. ALLEN, JOHN H. BRYAN, CHARLES F. KNIGHT, JOHN A. MANZONI, HENRY MICHAEL P. MILES, ROBIN B. NICHOLSON, MICHAEL H. WILSON, BRIAN E. FRANK, ROBERT A. MALONE, LAMAR MCKAY, and WALTER E. MASSEY, <br><br>　　　　Defendants, <br><br>-and- <br><br>BP p.l.c., BP AMERICA INC., and BP PRODUCTS NORTH AMERICA INC., <br><br>　　　　Nominal Defendants. | § <br> § <br> § IN THE DISTRICT COURT OF <br> § <br> § GALVESTON COUNTY, TEXAS <br> § <br> § 122nd JUDICIAL DISTRICT <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

### NOMINAL DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to the Court's July 7, 2011 memorandum and Rules 296 and 297 of the Texas Rules of Civil Procedure, Nominal Defendants BP p.l.c., BP America Inc. and BP Products North America Inc., by their undersigned counsel, respectfully submit the





09-CV-1352
DCFIFCL
Findings of Fact and Conclusions of Law
246657

following proposed findings of fact and conclusions of law in support of the Court's Order on Nominal Defendants' Plea to the Jurisdiction entered on June 16, 2011.

Dated: July 18, 2011
       Galveston, Texas

                            Respectfully submitted,

OF COUNSEL:
Richard C. Pepperman, II
Stephen Ehrenberg
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000 (telephone)
(212) 558-3588 (facsimile)

David T. Harvin
Texas State Bar No. 09189000
Gwen Samora
Texas State Bar No. 00784899
VINSON & ELKINS L.L.P.
First City Tower
1001 Fannin Street
Suite 2500
Houston, Texas 77002-6760
(713) 758-2368 (telephone)
(713) 615-5269 (facsimile)

*Attorneys for Nominal Defendants*

CAUSE NO. 09 CV 1352

| | |
|---|---|
| NANCY GOLDSTEIN, derivatively on behalf of BP p.l.c., § § § Plaintiff, § § vs. § § IAIN C. CONN, BYRON E. GROTE, § ANTHONY B. HAYWARD, ANDREW G. § INGLIS, ANTONY BURGMANS, CYNTHIA § B. CARROLL, WILLIAM M. CASTELL, § GEORGE DAVID, ERROLL B. DAVIS, JR., § DOUGLAS J. FLINT, DEANNE S. JULIUS, § TOM MCKILLOP, IAN M.G. PROSSER, PETER § D. SUTHERLAND, DAVID C. ALLEN, JOHN § H. BRYAN, CHARLES F. KNIGHT, JOHN A. § MANZONI, HENRY MICHAEL P. MILES, § ROBIN B. NICHOLSON, MICHAEL H. § WILSON, BRIAN E. FRANK, ROBERT A. § MALONE, LAMAR MCKAY, and WALTER § E. MASSEY, § § Defendants, § § -and- § § BP p.l.c., BP AMERICA INC., and BP § PRODUCTS NORTH AMERICA INC., § § Nominal Defendants. § | IN THE DISTRICT COURT OF<br><br>GALVESTON COUNTY, TEXAS<br><br>122nd JUDICIAL DISTRICT |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following a hearing on June 6, 2011, the Court entered an Order dated June 16, 2011 granting Nominal Defendants' Plea to the Jurisdiction and dismissing Plaintiff's First Amended Petition in its entirety without prejudice. On July 5, 2011, Plaintiff filed a Request for Findings of Fact and Conclusions of Law. Although the Court does not believe that findings of fact and conclusions of law are necessary here because Nominal Defendants' Plea to the Jurisdiction was decided without a trial or an evidentiary hearing and without the need to resolve any disputed

issues of fact, *see Teague v. Livingston*, 2010 WL 4056853, at *2 (Tex. App.--Houston [1st Dist.] 2010, no pet.) (mem. op.); *Wion v. Thayler*, 2010 WL 4644497, at *1 (Tex. App.--Waco 2010, no pet.) (mem. op.); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.--Tyler 1992, no writ), the Court nevertheless makes the following Findings of Fact and Conclusions of Law pursuant to Rule 296 of the Texas Rules of Civil Procedure to explain its ruling:

### FINDINGS OF FACT

1. Plaintiff brought this shareholder derivative action on July 31, 2009 seeking to assert claims on behalf of Nominal Defendants BP p.l.c. ("BP"), BP America Inc. ("BP America") and BP Products North America Inc. ("BP Products") against 25 current or former officers and directors of BP and BP America (the "Individual Defendants") for alleged breach of fiduciary duty and waste of corporate assets. On January 6, 2010, Plaintiff filed the First Amended Petition.

2. The conduct challenged in the First Amended Petition is alleged to have occurred both before and after October 1, 2007.

3. Plaintiff alleges that she "is a holder of BP p.l.c. American Depositary Shares ('ADSs')." (First Amended Petition ¶ 17.)

4. BP is incorporated under the laws of England and Wales and is headquartered in London, England. (2009 BP p.l.c. Form 20-F, attached as Ex. A to the Affidavit of Stephen Ehrenberg, sworn to on September 17, 2010 ("Ehrenberg Aff.").)

5. BP America is a wholly-owned subsidiary of BP. (First Amended Petition ¶ 19.) Plaintiff does not allege that she owns stock in BP America.

6. BP Products is a wholly-owned subsidiary of BP America. (First Amended Petition ¶ 20.) Plaintiff does not allege that she owns stock in BP Products.

## CONCLUSIONS OF LAW

### A. Standing to Sue

7. A court must dismiss a case over which it lacks subject-matter jurisdiction. *See Noell v. Air Park Homeowners Ass'n*, 246 S.W.3d 827, 832 (Tex. App.--Dallas 2008, pet. denied).

8. Standing is a necessary component of subject-matter jurisdiction. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 626 (Tex. 1996); *EMC Mortgage Corp. v. Window Box Ass'n*, 264 S.W.3d 331, 334 (Tex. App.--Waco 2008, no pet. h.). Standing is also a constitutional prerequisite to a lawsuit. *See M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001).

9. In deciding whether subject-matter jurisdiction exists, the Court may consider the pleadings and other undisputed evidence in the record. *See Am. Acad. of Emergency Med. v. Mem'l Hermann Health Care Sys., Inc.*, 285 S.W.3d 35, 40-41 (Tex. App.--Houston [1st Dist.] 2009, no pet. h.); *Noell*, 246 S.W.3d at 831-32.

10. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of establishing her standing to sue. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

### B. Shareholder Derivative Actions

11. The Texas Business Organizations Code provides that "[i]n a derivative proceeding brought on the right of a foreign corporation, the matters covered by this subchapter [on shareholder derivative proceedings] are governed by the laws of the jurisdiction of incorporation of the foreign corporation." Tex. Bus. Orgs. Code § 21.562(a); *see also Connolly v. Gasmire*, 257 S.W.3d 831, 839 (Tex. App.--Dallas 2008, no pet.) ("In a derivative proceeding

brought in the right of a foreign corporation . . . . the substantive law of the jurisdiction where the foreign corporation is incorporated applies . . . .").

12. BP is a "foreign corporation" for purposes of Section 21.562(a). An English public limited company or "p.l.c." is the "approximate equivalent of [a U.S.] publicly held corporation." *Push v. A-Best Prods. Co.*, 1996 WL 192968, at *3 n.5 (Ohio Ct. App. Apr. 18, 1996). Indeed, Texas courts have recognized that a public limited company "is a corporation chartered under the Companies Act of the United Kingdom." *Global Natural Res. v. Bear, Stearns & Co.*, 642 S.W.2d 852, 853 (Tex. App.--Dallas 1982, no pet.); *see also Gen. Star Int'l Indem. Ltd. v. Chase Manhattan Bank*, 2002 WL 850012, at *1 (S.D.N.Y. May 3, 2002) ("AXA Reinsurance UK PLC . . . is . . . a foreign corporation organized and existing under and by virtue of the laws of the United Kingdom."); *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 799 (N.D. Ohio 1998) ("B.A.T. Industries PLC, is a foreign corporation"); *Commonwealth v. TAP Pharm. Prods., Inc.*, 885 A.2d 1127, 1150 (Pa. Commw. Ct. 2005) ("AstraZeneca PLC, is a foreign corporation").

13. Applying Section 21.562(a) of the Texas Business Organizations Code, the laws of England and Wales govern whether Plaintiff has standing to bring this derivative action on behalf of BP. Plaintiff alleges that she owns shares of BP, and BP is incorporated under the laws of England and Wales.

### C. Plaintiff's Claims Based on Conduct That Occurred After October 1, 2007

14. Under the laws of England and Wales, standing to bring a shareholder derivative action on behalf of an English company is governed by the U.K. Companies Act 2006 if the claims are based on conduct that occurred after October 1, 2007, the effective date of the provisions of the Companies Act governing shareholder derivative proceedings. *See* The

Companies Act 2006 (Commencement No. 3, Consequential Amendments, Transitional Provisions and Savings) Order 2007, 2007 No. 2194 (C. 84), art. 9, sch. 3, ¶ 20(3).

15. Under the Companies Act, a shareholder seeking to sue derivatively on behalf of a company organized under the laws of England and Wales first must obtain permission to sue from a specified English court. Section 261(1) of the Companies Act provides that a "member of a company who brings a derivative claim under this Chapter must apply to the court for permission." Pursuant to Section 1156 of the Companies Act, the "court" referred to in Section 261(1) is "the High Court or . . . a county court" in England and Wales. There are no statutory exceptions to the Companies Act's requirement that a shareholder obtain permission from the proper English court to assert and maintain derivative claims on behalf of an English company.

16. The Companies Act's judicial permission requirement is substantive, not procedural, and thus applies in this action. *See Vaughn v. LJ Int'l, Inc.*, 94 Cal. Rptr. 3d 166, 168 (Cal. Ct. App. 2009) (judicial permission requirement of British Virgin Islands Companies Act is a "determin[ation] [of] standing in a fundamental sense," and thus is clearly substantive); *Hausman v. Buckley*, 299 F.2d 696, 701 (2d Cir. 1962) ("[T]he condition imposed by Venezuelan law on the right to enforce corporate claims goes to the substance of that right, and cannot be treated as dealing with the mere procedure by which the claims are enforced.").

17. Plaintiff does not allege that she received—or even sought—permission to continue this action from the appropriate English court under Section 261(1) of the Companies Act. Because Plaintiff has not obtained the requisite judicial permission to proceed with these derivative claims, she lacks standing to bring this derivative action under the governing laws of England and Wales.

### D. Plaintiff's Claims Based on Conduct That Occurred Before October 1, 2007

18. Derivative claims based on conduct that occurred before the October 1, 2007 effective date of the provisions of the Companies Act governing derivative proceedings are governed by the common-law rule of *Foss v. Harbottle*, (1843) 2 Hare 461 (Eng.). This common-law rule generally prohibited shareholders from asserting derivative claims on behalf of an English corporation. *See In re BP p.l.c. Deriv. Litig.*, 507 F. Supp. 2d 302, 311 (S.D.N.Y. 2007).

19. Under the rule of *Foss v. Harbottle*, "a shareholder may not bring a derivative action for 'wrongs' to the company if those wrongs are capable of ratification by a majority of shareholders—and notably, breach of fiduciary duty is capable of ratification under English law—unless an exception applies." *Id.*

20. There are only "three narrow exceptions" to the rule of *Foss v. Harbottle. Id.* Under the common-law rule, a shareholder can bring a derivative action only if (i) the alleged wrong was *ultra vires*, (ii) the validity of the transaction was dependent upon approval by a majority of shareholders greater than a simple majority (the "Super Majority" exception), or (iii) the alleged wrong amounted to fraud and the wrongdoers themselves were in control of the company, and thus could procure ratification (the "Fraud on the Minority" exception). *Id.*

21. There is no allegation in the First Amended Petition of a wrong that was *ultra vires* under English law. The gravamen of Plaintiff's claims is that the Individual Defendants "disregarded their fiduciary obligations [to BP] by failing to ensure BP's compliance with environmental protection statutes and regulations." (First Amended Petition ¶ 3.) An alleged breach of a fiduciary duty of oversight is not an *ultra vires* act under the rule of *Foss v. Harbottle. See City of Harper Woods Emps.' Ret. Sys. v. Olver*, 589 F.3d 1292, 1303 (D.C. Cir.

2009). Rather, "an *ultra vires* act is an act 'beyond the corporate capacity of a company.' Whether conduct is *ultra vires* thus depends upon whether a company is *capable* of performing the act, as set forth in the company's memorandum of association." *Id.* (emphasis in original). As a result, Plaintiff's allegations that BP and its subsidiaries engaged in illegal acts do not fall within the *ultra vires* exception to the rule of *Foss v. Harbottle*. *Id.* at 1303 (rejecting application of *ultra vires* exception to payment of illegal bribes).

22. Plaintiff does not allege that BP or its subsidiaries engaged in any transaction that could be sanctioned only by a special resolution adopted by a super-majority of shareholders. As a result, the "Super Majority" exception does not apply to Plaintiff's First Amended Petition.

23. The "Fraud on the Minority" exception also does not apply here. For that exception to apply, a shareholder must plead two elements. First, the shareholder must allege that the supposed breaches of fiduciary duty consist of a "fraud," which is a term of art in the context of derivative actions under English law, meaning a misappropriation of corporate assets by the directors. *See Seghers v. Thompson*, 2006 WL 2807203, at *4 (S.D.N.Y. Sept. 27, 2006); *In re Tyco Int'l Ltd.*, 340 F. Supp. 2d 94, 101 (D.N.H. 2004) ("fraud on the minority exception" requires "plead[ing] a claim that those who currently control the company are compromised by [a] kind of self-dealing at the company's expense"). Second, the shareholder must "allege control over a majority of the [company's] shares" by the Individual Defendants. *In re BP p.l.c. Deriv. Litig.*, 507 F. Supp. 2d at 311; *Seghers*, 2006 WL 2807203, at *4.

24. Plaintiff alleges only a failure of oversight (*see* First Amended Petition ¶ 3), not any misappropriation or self-dealing by any Individual Defendant. In particular, Plaintiff does not allege that any Individual Defendant profited personally from the underlying activities at

BP's expense. As a result, Plaintiff's allegations do not constitute "fraud" within the meaning of the "Fraud on the Minority" exception.

25. Plaintiff also does not allege that the Individual Defendants own or control sufficient shares of BP stock to exercise control of the company in a general meeting. According to the First Amended Complaint, BP "is the largest non-United States company listed on the New York Stock Exchange." (First Amended Petition ¶ 18.) There are over 18 billion ordinary shares of BP stock outstanding, and "no directors or members of senior management . . . own more than 1% of the ordinary Shares outstanding." (Ehrenberg Aff. Ex. A. at 93, 137.) Plaintiffs thus cannot allege that the Individual Defendants have voting control of BP. *See In re BP p.l.c. Deriv. Litig.*, 507 F. Supp. 2d at 311 (dismissing derivative claim because plaintiffs "have not shown the necessary control to trigger the [Fraud on the Minority] exception").

26. In sum, Plaintiff fails to allege that this action falls within any of the three narrow exceptions to the rule of *Foss v. Harbottle*. This failure is fatal to Plaintiff's standing to bring derivative claims based on conduct that allegedly took place before October 1, 2007. In fact, courts in the United States have routinely dismissed shareholder derivative actions for lack of standing under the rule of *Foss v. Harbottle. See, e.g., Harper Woods*, 589 F.3d at 1299-1304; *In re BP Deriv. Litig.*, 507 F. Supp. 2d at 311; *Winn v. Schafer*, 499 F. Supp. 2d 390, 396-99 (S.D.N.Y. 2007); *Feiner Family Trust v. VBI Corp.*, 2007 WL 2615448, at *4-6 (S.D.N.Y. Sept. 11, 2007); *Seghers*, 2006 WL 2807203, at *4; *In re Tyco,* 340 F. Supp. 2d at 103; *see also CMIA Partners Equity Ltd. v. O'Neill*, 920 N.Y.S.2d 240 (N.Y. Sup. Ct. 2010); *Tomran, Inc. v. Passano*, 862 A.2d 453, 469-70 (Md. Ct. Spec. App. 2004), *aff'd*, 891 A.2d 336 (Md. 2006).

### E. Plaintiffs' Multiple or Double Derivative Claims on Behalf of BP America and BP Products

27. Plaintiff's standing to bring derivative claims on behalf of the two BP subsidiaries named as Nominal Defendants, BP America and BP Products, also is governed by the laws of England and Wales because the parent company in which Plaintiff owns an interest (*i.e.*, BP) is an English company. *See Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 211-12 (Tex. App.-- Houston [14th Dist.] 2003, pet. denied) (looking to law of jurisdiction of incorporation of company in which plaintiff owned shares to determine plaintiff's ability to bring double derivative action on behalf of subsidiary); *Batchelder v. Kawamoto*, 147 F.3d 915, 920 (9th Cir. 1998) (plaintiff's "prerogative to step into the shoes of the parent corporation as derivative plaintiff, or of the subsidiary as double derivative plaintiff, must be determined by the law of the place of incorporation of the company in which he holds an interest"); *Kostolany v. Davis*, 1995 WL 662683, at *3 (Del. Ch. Nov. 7, 1995) (applying Dutch law to determine standing to bring double-derivative claims on behalf of subsidiaries because "plaintiff is a stockholder of the Dutch parent, not of the Delaware subsidiaries.").

28. The Companies Act prohibits multiple or double derivative actions. This prohibition applies to conduct occurring both before and after October 1, 2007. Under Section 260(1) of the Companies Act, a derivative claim may be asserted only "by a member of a company—in respect of a cause of action vested in the company." In seeking to bring derivative claims on behalf of two BP subsidiaries, Plaintiff is asserting causes of action vested in those subsidiaries. As a result, those subsidiaries are "the company" for purposes of Section 260(1). Plaintiff does not allege that she is a "member" of (*i.e.*, owns shares in) either BP America or BP Products. Accordingly, Plaintiff does not have standing to assert derivative claims on behalf of BP America or BP Products under the governing laws of England and Wales.

29. Where controlling foreign law does not recognize double or multiple derivative actions, U.S. courts have rejected shareholder attempts to bring such claims. *See Batchelder*, 147 F.3d at 920 (applying Japanese law to determine whether double derivative claim could be brought because plaintiff owned stock in Japanese parent corporation); *Tomran, Inc. v. Passano*, 862 A.2d 453, 470 (Md. Ct. Spec. App. 2004), *aff'd*, 891 A.2d 336 (Md. 2006). This Court likewise rejects Plaintiff's attempt to bring a double or multiple derivative claim on behalf of BP America or BP Products.

**F.  Conclusion**

30. Because Plaintiff lacks standing under English law to bring any of the derivative claims asserted in the First Amended Petition, this action must be dismissed in its entirety for lack of subject-matter jurisdiction.

31. If any finding of fact should be characterized as a conclusion of law, or if any conclusion of law should be characterized as a finding of fact, the Court recharacterizes it here accordingly.

SIGNED this ____4____ day of ____August____, 2011.

_____John Ellison_____
Judge John Ellisor

## CERTIFICATE OF SERVICE

I certify that on July 18, 2011, a copy of Nominal Defendants' Proposed Findings of Fact and Conclusions of Law was served on the following counsel of record by e-mail and regular mail:

Don Jackson (donjackson@warejackson.com)
Jeffrey W. Chambers
(jeffchambers@warejackson.com)
WARE, JACKSON, LEE
& CHAMBERS LLP
America Tower, 42nd Floor
2929 Allen Parkway
Houston, TX 77019
Telephone: 713-659-6400
Facsimile: 713-659-6262
*Attorneys for Plaintiff*

Carl L. Stine
(cstine@wolfpopper.com)
WOLF POPPER LLP
845 Third Avneue
New York, NY 10022
Telephone: 212-759-4600
Facsimile: 212-486-2093
*Attorneys for Plaintiff*

Seth D. Rigrodsky
(sdr@rigrodskylong.com)
RIGRODSKY & LONG, PA
919 N. Market Street
Suite 980
Wilmington, DE 19801
Telephone: 302-295-5310
Facsimile: 302-654-7530
*Attorneys for Plaintiff*

_____
Gwen Samora

I, Jason E. Murray, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful Custody and filed in this office on the ____ day of August 2011 witness my official hand and seal of Office this ____ day of August 2011



JASON MURRAY, DISTRICT CLERK
Galveston County, Texas

By _____ Deputy