IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: BP P.L.C. SECURITIES LITIGATION | ) ) ) ) ) ) ) | MDL NO. 2185<br><br>Civil Action No. 4:10-md-2185<br><br>Hon. Keith P. Ellison |
| In Re: BP SHAREHOLDER DERIVATIVE LITIGATION | ) ) ) ) ) | Civil Action No. 4:10-cv-3447<br><br>Hon. Keith P. Ellison |

**DERIVATIVE PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF
RULE 59(e) MOTION TO ALTER OR AMEND THE COURT'S ORDER
DATED SEPTEMBER 15, 2011**

**I.      Introduction**

On October 12, 2011, the Derivative Plaintiffs moved this Court for an order (No. 4:10-cv-3447, Doc. 133, "Plaintiffs' Motion") altering or amending the Court's September 15, 2011 order granting the Defendants' motion to dismiss on the grounds of *forum non conveniens* (Doc. 131, "Order"). As explained in Plaintiffs' Motion, Derivative Plaintiffs respectfully disagree with the Court's determination that this case is more appropriately adjudicated in England, but are seeking the imposition of additional conditions on the dismissal order and a sixty day period before the Order becomes final in order to ensure that this case can be heard in England without unreasonably prejudicing Derivative Plaintiffs. Plaintiffs' Motion at 2.

On October 31, 2011, Defendants filed an opposition to this motion (No. 4:10-cv-3447, Doc. 134, "Def. Opp.") arguing that Plaintiffs' Motion was procedurally improper and without merit. Defendants are wrong on both counts. In addition to misrepresenting the standards for a Rule 59(e) motion, Defendants have failed to acknowledge the Court's discretion in granting, and the Fifth Circuit's support for, the very conditions sought here by Plaintiffs.

**II.     Plaintiffs' Motion is Procedurally Proper**

First, Defendants misstate the standard for a Rule 59(e) motion, citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002), and *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), to argue that such a motion may be granted only "to correct manifest errors of law or fact or to present newly discovered evidence." Def. Opp. at 2. Defendants are mistaken. As explained in a leading treatise:

> Rule 59(e) covers a broad range of motions, and the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment …. Rule 59(e) does … include motions for reconsideration.

11 Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1 at 121-22 (1995 & Supp. 2011). As both *Templet* and Wright, Miller & Kane recognize, a Rule 59(e) motion can be predicated upon preventing a manifest injustice. *Templet*, 367 F. 3d at 471-482; Wright Miller & Kane §2810.1 at 125-26.[1]

Second, Defendants incorrectly suggest that Plaintiffs should be prevented from seeking the imposition of additional conditions upon the dismissal at this stage in the proceedings because they did not seek these conditions earlier. This argument is flawed on three grounds. First, a party opposing dismissal is not required to propose "terms of surrender" in its opposition papers. Second, Plaintiffs' prior submission opposing Defendants' *forum non conveniens* motion did, in fact, touch upon a number of concerns pertinent to the conditions they seek now, including:

- Access to non-party witnesses in the United States. *See* Plaintiffs' Mem. of Law in Opp. To Defendants' Motion to Dismiss the Consolidated Amended Shareholder Derivative Complaint (No. 4:10-cv-3447, Doc. 108) at 26 (noting the number of witnesses located in the United States, and that Defendants are "able to ensure their attendance at trial or otherwise present their testimony");

- Ability to use discovery generated in the United States proceedings. *See id.* at 27 (discussing the ongoing discovery underway in MDL 2185 and MDL 2179 and stating: "If this action were dismissed in favor of a foreign forum, both Plaintiffs and Defendants would lose the ability to coordinate efforts with these related actions, resulting in drastically more expensive and inefficient litigation.");

---

[1] *See Arrieta v. Local 745 of the Int'l Bhd. of Teamsters*, No. 11-10373, 2011 U.S. App. LEXIS 21236 at *4 (5th Cir. Oct. 18, 2011); *McGillivray v. Countrywide Home Loans, Inc.,* 360 Fed. Appx. 533, 537 (5th Cir. 2010); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

- Ability to satisfy a United Kingdom judgment. *Id.* at 27 (noting the ability to easily enforce a judgment in this action in the United States).

Third, Defendants' suggestion that Plaintiffs were required but failed to raise *each* of the conditions in a prior submission should yield to the purpose of Rule 59(e) motions. As one district court explained, "the strict form of insistence upon timely procedures should give way to the substantive and practical goal of a procedurally correct adjudication." *Cont'l Cas. Co. v. Am. Fid. & Cas. Co.*, 190 F.Supp. 236, 237 (S.D. Ill. 1959), *aff'd*, 275 F.2d 381 (7th Cir. 1960).[2] Furthermore, courts have recognized that "[a] judge may enlarge the issues to be considered in acting on a timely motion under Rule 59." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986).[3]

Moreover, in *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994), the defendants opposing a Rule 59(e) motion claimed that plaintiffs needed to first show that the failure to previously submit the new evidence was the result of mistake, inadvertence, surprise, or excusable neglect. The Fifth Circuit rejected this precondition. *Lavespere*, 910 F.2d at 174. This effectively rebuts Defendants' argument that Plaintiffs' request should be rejected because "Plaintiffs waited nearly a month after the September 15 Order was entered to raise these new conditions." Def. Opp. at 4.

## III.  The Imposition of Additional Conditions is Warranted

Under Fifth Circuit precedent, the presumption is that, since the defendant is receiving the benefit of a *forum non conveniens* dismissal, conditions imposed on the dismissal are

---

[2] S*ee Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993) (noting district court's discretion in acting upon Rule 59(e) motions but warning "its discretion is not without limit" and district court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts.").

[3] *See Equal Employment Opportunity Comm'n v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the U.S. and Canada, Local No. 120*, 235 F.3d 244, 250 (6th Cir. 2000), *cert. denied*, 534 U.S. 987 (2001) (same).

necessary to "ensure" that the defendant does not obtain an unfair advantage as a result of the dismissal. For example, in *Baris*, cited by Defendants (Def. Opp. at 3), the Fifth Circuit held that a district court must "*ensure* that a plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice…" *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1551 (5th Cir. 1991) (emphasis added) (citing *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1166 (5th Cir. 1987)). In *Baris*, the Fifth Circuit reversed the district court's *forum non conveniens* dismissal, stating:

> Thus, **courts must take measures, as part of their dismissals in *forum non conveniens* cases, to ensure that defendants** will not attempt to evade the jurisdiction of the foreign courts. Such measures often include agreements between the parties to litigate in another forum, to submit to service of process in that jurisdiction, to waive the assertion of any limitations defenses, to agree to discovery, and to agree to the enforceability of the foreign judgment.

*Baris*, 932 F.2d at 1551 (emphasis added). The additional conditions discussed with approval in *Baris* are exactly those conditions that Plaintiffs seek here to "ensure" that they will not suffer "undue inconvenience or prejudice."

The cases cited by Defendants to the contrary are simply inapposite. For example, in *In Re Vioxx Products Liability Litigation*, MDL No. 1657, 2009 U.S. Dist. LEXIS 55973 (E.D. La. Feb. 10, 2009), the court rejected the plaintiff's request to impose the following conditions:

> (1) that the parties shall have a trial by jury; (2) that the parties may obtain evidence pursuant to the Federal Rules of Civil Procedure; (3) that the parties shall be permitted to present testimony at trial in the form of oral, video, and written depositions, including depositions taken in prior cases; and (4) that Merck will identify, produce and authenticate all documents it has previously produced, authenticated, listed, or offered as exhibits in previous Vioxx cases or trials in the United States.

*Id.* at *38. The *Vioxx* conditions go far beyond those sought here. They would have required that the Federal Rules of Civil Procedure apply to the foreign action, including to discovery and trial in the foreign forum. Here, Plaintiffs seek only narrow conditions: waiver of limitations

defenses; only discovery that occurs in the U.S. shall be subject to the U.S. Federal Rules; non-Defendant U.S.-based BP employees shall be subject to discovery in the U.K., as they would have been subject to discovery in the United States; no objection to the admissibility of discovery taken in the U.S. merely on that ground; and the binding satisfaction of a judgment.

Defendants also cite *Oxley v. Wyeth Labs., Inc.*, 1992 U.S. Dist. LEXIS 10905 (E.D. Pa. July 23, 1992), which is not binding in this Circuit and, in any event, is readily distinguishable. The *Oxley* plaintiff apparently cited only one Pennsylvania case in support of its additional conditions, while Derivative Plaintiffs here have cited many cases from within this Circuit in support of their proposed additional conditions. Moreover, while the plaintiff in *Oxley* had the burden to justify the additional conditions, in this Circuit the party obtaining dismissal "must" be subject to conditions the court deems proper to "ensure" that it does not obtain an unfair advantage. *Baris,* 932 F.2d at 1551.

With respect to limitations defenses, Defendants cite *Zekic v. Reading & Bates Drilling Co.*, 680 F.2d 1107, 1108-09 (5th Cir. 1982), where the Fifth Circuit reversed the district court's dismissal, and suggested that it would be appropriate to require the defendant to waive limitations defenses for unexpired claims. Defendants also rely upon an unpublished decision from outside this Circuit, *In re Air Crash Over the Mid-Atlantic on June 1, 2009*, 2011 U.S. Dist. LEXIS 68154 (N.D. Cal. June 15, 2011), to suggest that the granting of a *forum non conveniens* motion should not be conditioned upon Defendants' waiver of the statute of limitations. But in *In re Air Crash Over the Mid-Atlantic*, the court denied the additional conditions for reasons not applicable here, including that the conditions sought were duplicative of conditions *already imposed* in an earlier grant of dismissal and because a dismissal condition can not be used to resolve which party pays translation costs. *See In Re Air Crash Over The Mid-Atlantic on June 1,*

*2009*, 760 F. Supp. 2d 832 (N.D. Cal. 2010), Doc. 140-1 at 42 and [Proposed] Order (stipulations contained in motion and order submitted by defendants were adopted by the court) and Doc. 753 at 5-8, Tr. of Sept. 24, 2010 proceedings (imposing conditions submitted in Defendants' proposed order and at oral argument, including that the defendants make themselves amenable to suit in France; toll statute of limitations; make available any evidence or witnesses under their possession, custody or control upon appropriate request by the French civil courts; pay any final, non-appealable judgment awarded against them by a French civil court; and not seek or argue for a stay of civil proceedings commenced in France) (*see* Appendix 1). The conditions imposed in the earlier dismissal in *Air Crash over the Mid-Atlantic* are very similar to those the Derivative Plaintiffs request here.

Furthermore, Defendants' argument ignores the decision of the Fifth Circuit in *Ali v. Offshore Co.*, 753 F.2d 1327, 1333 (5th Cir. 1985), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147 (5th Cir. 1987), in which the Fifth Circuit stated: "[W]e believe that the better practice would be to impose somewhat more stringent conditions upon the dismissal than that the defendants consent to appear in a foreign forum." The Fifth Circuit went on to expressly endorse the conditions sought here:

> Decisions in this Circuit suggest the imposition of the following conditions: that the defendants submit to service of process and jurisdiction in the appropriate court in Trinidad within ninety days of the order of dismissal; that the defendants formally waive in the Trinidadian proceeding any statute of limitations defense that has matured since the commencement of this action in the Eastern District of Louisiana; that the defendants formally agree in the Trinidadian forum to make available in the Trinidadian proceeding all relevant witnesses or, in lieu thereof, to schedule depositions at a reasonable time and place, and to make available any documents within their control and that any depositions, answers to interrogatories, requests for admissions and the like filed herein may be used in the foreign proceeding to the same extent as if they had originated therein; that the defendants formally agree in the Trinidadian forum to satisfy any final judgment; and that should the defendants fail to meet any of these conditions, the district court will resume jurisdiction over the case.

*Ali v. Offshore Co.*, 753 F.2d at n.16; *see Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 829-30 (5th Cir. 1986) (noting that in granting *forum non conveniens* motion, district court required defendants to waive all jurisdictional and limitations defenses).[4,5]

With respect to the condition requiring BP's U.S.-based employees to submit to U.K. jurisdiction, Defendants cite again *Oxley v. Wyeth Labs.*, *Inc.*, where the Pennsylvania court held that it was superfluous to require defendants "to stipulate to make available, at their own expense, any documents or witnesses within their control that are needed for fair adjudication of any subsequent action brought in Ireland by Plaintiffs." 1992 U.S. Dist. LEXIS 10905. But the requested condition here is narrower in scope. It does not seek to mandate the allocation of expense. Nor does it impose upon the foreign court a relevancy determination as to which documents or witnesses "are needed for a fair adjudication." It states only that "the United States-based employees of BP p.l.c. and its subsidiaries who are not named defendants will submit to U.K. jurisdiction for purposes of discovery without subpoena or other judicial process."

The reason for this condition is simple. Just as this Court required all Defendants – particularly the United States-based directors who were clearly subject to jurisdiction in

---

[4] Regarding the stipulation to U.K. jurisdiction (Doc. 132), Plaintiffs accept Defendants' clarification that "[n]ewly discovered facts and different English claims could be alleged in a derivative action covered by the individual defendants' stipulation so long as those facts and claims are related to those in the current complaint and thus the English action is 'based upon' the same facts and claims." Def. Opp. at 2. Should any of the Defendants subsequently refuse to submit to the jurisdiction of a U.K. court on the basis that the facts or claims in the U.K. complaint are not sufficiently similar, Plaintiffs will return promptly to this Court to seek relief from the *forum non conveniens* dismissal.

[5] The cases cited by Defendants concerning a condition to satisfy a foreign judgment are again inapposite. Def. Opp. at 8. In *In re Union Carbide Corp. Gas Plant Disaster at Bhopal*, 809 F.2d 195 (2d Cir. 1987), the court rejected the proposed condition concerning the enforcement of a foreign judgment because "it may also be interpreted as providing for a lesser standard than . . . would otherwise [be] require[d]." *Id.* at 205. Similarly, the Defendants misread *Banco de Seguros del Estado v. J.P. Morgan Chase & Co.*, 500 F. Supp. 2d 251 (S.D.N.Y. 2007). In that decision, the issue was where and when a defendant should be able to assert as a defense to a foreign judgment that the foreign court denied due process and, hence, the foreign judgment was unenforceable. *Id.* at 264.

Houston, Texas – to agree to the jurisdiction of the U.K. courts, if this action proceeds there, it would be manifestly unjust if Plaintiffs could not prove their claims because key BP witnesses in the U.S. were able to avoid the U.K. court's jurisdiction. And, as noted above, this condition has been specifically endorsed by the Fifth Circuit. *See Ali v. Offshore Co.*, 753 F.2d at n.16.

### IV.     The Sixty Day Time Period is Warranted and Within the Court's Discretion

Defendants also argue that Plaintiffs' request that the Court's dismissal "not be deemed effective" for sixty days should be denied. Def. Opp. at 8. However, just as courts have tolled statutes of limitations for a certain number of days after *forum non conveniens* dismissals,[6] the provision of sixty days before having the decision become final and appealable is consistent with this Court's authority to "ensure" that Defendants do not obtain an unfair advantage by the grant of the *forum non conveniens* dismissal. As noted in Plaintiffs' Motion, Derivative Plaintiffs are investing considerable time and effort determining whether it is feasible, as a practical matter, to pursue these derivative claims in the U.K. Plaintiffs' Motion at 2. Setting the date at which its own Order becomes final to accommodate Plaintiffs' investigation is clearly within this Court's discretion and should be granted.

### V.     Conclusion

For the reasons stated above, Plaintiffs' motion under Rule 59(e) should be granted.

Dated: November 10, 2011

---

[6] *See, e.g., In Re Air Crash Over The Mid-Atlantic On June 1, 2009*, Dkt. 140-1 (stipulation contained in order submitted by defendants, and adopted by the Court, tolled any statute of limitations that might apply to such foreign refiled actions for 120 days after dismissal by the U.S. court).

                        Respectfully submitted,

                        AJAMIE LLP

By: */s/ Thomas R. Ajamie*
Thomas R. Ajamie
Texas Bar No. 00952400
Dona Szak
Texas Bar No. 19597500
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Tel.: (713) 860-1600
Fax: (713) 860-1699

| ATTORNEY-IN-CHARGE: | ATTORNEY-IN-CHARGE: |
|---|---|
| BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP | KAHN SWICK & FOTI, LLC |
| By: */s/ Mark Lebovitch* | By: */s/ Lewis S. Kahn* |
| Mark Lebovitch | Lewis S. Kahn |
| *Attorney-in-Charge* | *Attorney-in-Charge* |
| Jeroen van Kwawegen | Albert M. Myers |
| John Alden Meade | Michael A. Swick |
| 1285 Avenue of the Americas | Melinda A. Nicholson |
| New York, NY 10019 | 206 Covington Street |
| Tel.: (212) 554-1400 | Madisonville, Louisiana 70447 |
| Fax: (212) 554-1444 | Tel.: (504) 455-1400 |
| ***Plaintiffs' Co-Lead Counsel*** | Fax: (504) 455-1498 |
| | ***Plaintiffs' Co-Lead Counsel*** |

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Gregory M. Nespole
Robert B. Weintraub
270 Madison Avenue
New York, NY 10016
Tel.: (212) 545-4600

CHIMICLES & TIKELLIS LLP
Pamela S. Tikellis
Scott M. Tucker
Tiffany J. Cramer
222 Delaware Avenue, Suite 1100
P.O. Box 1035
Wilmington, Delaware 19899
Tel.: (302) 656-2500

BARRACK, RODOS & BACINE
Mark R. Rosen
Two Commerce Square
2001 Market Street
Suite 3300
Philadelphia, PA 19103
Tel: (215) 963–0600

Stephen R. Basser
One America Plaza
600 West Broadway, Suite 900
San Diego, California 92101
Tel.: (619) 230-0800
A. Arnold Gershon
425 Park Avenue, Suite 3100
New York, NY 10022
Tel. (212) 688-0782

*Co-Chairs of the Executive Committee*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Reply Memorandum in Support of Rule 59(e) Motion to Alter or Amend the Court's Order Dated September 15, 2011, has been served through the Court's electronic filing and notification system on November 10, 2011.

    */s/ Thomas R. Ajamie*

    Thomas R. Ajamie